ANTHONY HOWE *vs.* CITY OF LOWELL.

Under the provision of the Gen. Sts. *c.* 44, § 22, which makes a town responsible for injuries caused by a defect in a highway if it has reasonable notice of the defect, or the defect has existed twenty-four hours, a city is responsible for injuries caused by a defect which its proper officers might with due care have known, although they did not actually know it, and it had not existed twenty-four hours.

TORT to recover damages for a personal injury alleged to have been caused by a defect in a highway which the defendants were bound to keep in repair.

At the trial in the superior court, before *Wilkinson,* J., it appeared that the injury was caused by the defect, and that the

defect had not existed more than thirteen hours at the time of the accident.

The defendants asked the judge to instruct the jury, that the plaintiff must satisfy the jury by a reasonable preponderance of evidence that the city had actual notice of the defect; that to constitute reasonable notice it must have been brought home to some member of the city government or to some city officer; and that the plaintiff could not recover unless the particular defect which was the cause of the injury had existed twenty-four hours, or unless the city had actual and reasonable notice of the defect, if it had not existed twenty-four hours.

These instructions the judge declined to give, and instructed the jury that "it was competent for them to find that the city had reasonable notice of the defect, if from its character, notoriety and continuance they were satisfied that the proper officers of the city did in fact know, or with due care might have known of the defect, in season to have repaired it, or suitably protected the public from danger therefrom."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*G. Stevens*, for the defendants.    The Gen. Sts. *c.* 44, § 22, provide that if a person receives injury through a defect or want of repair or of sufficient railing in or upon a highway, he may recover " of the county, town, place or persons, by law obliged to repair the same, the amount of damage sustained thereby, if such county, town, place or persons had reasonable notice of the defect, want of repair, or of sufficient railing, or if the same had existed for the space of twenty-four hours previous to the occurrence of the injury or damage."    In this statute " reasonable notice " means " actual notice with reasonable time to remedy," and the notice must be to the proper officers.

*A. R. Brown*, for the plaintiff, was not called upon.

By THE COURT.    It is only necessary that the proper officers did actually know of the existence of the defect, or with proper vigilance and care might have known it.    *Donaldson* v. *Boston,* 16 Gray, 508.    This has been the uniform construction of the statute throughout the Commonwealth, so far as the court are informed.                                        *Exceptions overruled.*