ANNA BURTON

*v.*

MARTIN GLEASON.

1. CLOUD UPON TITLE — *remedy of one out of possession.* A party out of possession of land, and claiming to hold the title thereto in fee simple, sought relief in a court of chancery against a deed alleged to have been wrongfully made by one of the grantors in the chain of title to the widow of his grantee, the deed to the latter having been lost without ever having been recorded: *Held,* the complainant being out of possession, had his remedy at law by action of ejectment, and therefore could have no relief in equity.

2. In such case, the fact that the deed was made to the widow of one of the grantees, to supply the place of the lost deed to her husband, would constitute no such equity as to give chancery jurisdiction. The owner of the legal title could recover in ejectment, notwithstanding that deed, upon proving the execution of the original deed and its loss.

WRIT OF ERROR to the County Court of La Salle county; the Hon. P. K. LELAND, Judge, presiding.

This was a suit in chancery, instituted in the court below by Martin Gleason, against Anna Burton. The bill alleges, substantially, that in the year 1835 one McQuon purchased from the United States the south-west quarter of section 35, in town 31, range 3 east, situate in La Salle county; that, in November, 1850, said McQuon conveyed to Charles Hallam a certain part of said quarter section, containing twenty acres, and the deed therefor was duly recorded. The bill further alleges that, about the year 1855, Hallam conveyed to Samuel Burton; in 1857 Burton and wife to Gumm, and through several mesne conveyances from Gumm to complainant, whereby, the bill alleges, the complainant became vested with the full title in fee simple to said twenty acres of land.

The ground upon which relief is sought is, that the deed from Hallam to Samuel Burton never was recorded, and that, in 1863, Samuel Burton having died, Anna Burton, his widow, alleging that she had lost the unrecorded deed to her husband, procured Hallam to convey the premises to herself instead of the heirs of Burton. The bill alleges that the deed to Anna Burton is in fraud of complainant's rights, and prays that she be decreed to convey the title to him. The bill also prayed for an injunction, which was granted, restraining the defendant from conveying or incumbering the premises.

The court overruled a motion to dissolve the injunction and dismiss the bill, and rendered a decree as prayed.

The defendant thereupon sued out this writ of error.

Mr. O. C. GRAY and Messrs. BEATTIE & ROBINSON, for the plaintiff in error.

Mr. J. B. RICE, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Complainant alleges in his bill, that at the time of filing the same and prior thereto, the full title in fee simple to the piece of land described therein, was vested in him. There is no allegation in the bill that complainant was in possession; the inference therefore must be he was not in possession, and being so, his remedy to recover the possession was complete at law, by an action of ejectment, in which he could not fail to recover, on showing a complete legal title in himself. The fact that Mrs. Burton had received of Hallam a deed to herself, to supply the place of a prior deed granted to her husband in his life-time and alleged to be lost, constitutes no such equity as to give chancery jurisdiction. Complainant claims through Burton, and to establish his title at law it would only be necessary to prove the execution of the deed by Hallam to Burton and its subsequent loss. We fail to perceive any equity in complainant's bill. The motion to dissolve the injunction and dismiss the bill should have been allowed. Refusing it was error, and for this error the decree must be reversed and the cause remanded.

*Decree reversed.*