EMMA H. CROSBY *vs.* CITY OF BOSTON.

Suffolk. March 5. — June 23, 1875. MORTON & ENDICOTT, JJ., absent.

If a city notifies the owner of land of a defect in the cover of a coal hole in a sidewalk and the owner replaces it with a new one which is defective in a different particular, and this causes an accident to a traveller on the highway, the city is not liable unless the defect in the new cover existed for twenty-four hours before the accident, or the city had reasonable notice of the defect, although the city was notified of the defect in the old cover more than twenty-four hours before the accident.

TORT for personal injuries sustained through an alleged defect in a highway. At the trial in this court before *Endicott,* J., the plaintiff introduced evidence tending to prove that on February 21, 1873, between half-past three and four o'clock in the afternoon, she was walking, using due care, on the sidewalk on Tremont Street, and stepped on a coal hole cover in front of the building known as the Pavilion ; that the cover was warped and twisted, did not fit firmly into its rim, but would slip back and forth and was not fastened down, and that when she stepped on it, it tipped and she fell into the hole, receiving severe injury ; that there were eight of these covers in front of the Pavilion, and the accident happened at the first cover nearest to Beacon Street. The plaintiff, in order to show notice to the city that this coal hole was defective and unsafe, offered evidence of an accident that happened on another cover in front of the Pavilion, about ten o'clock in the forenoon of the same day ; but the court excluded the evidence. The plaintiff offered no evidence of the condition of the cover before the accident, but contended that from its condition on that day, it must have been in that condition more than twenty-four hours ; and also, to prove that the city had notice of its condition, offered a report made to the superintendent of streets February 3, 1873, by a captain of the police. In this report two covers on Tremont Street, in front of the Pavilion, were reported as dangerous, but no evidence was offered to identify the cover on which the plaintiff fell with either of the two covers.

The plaintiff also offered evidence that immediately a written order was sent to an occupant of the Pavilion informing him that coal hole covers in front of his said estate were smooth and dan-

gerous to public travel, and notifying him to have covers with a corrugated surface placed there.

The defendant offered evidence that upon receiving the order, the owners of the building at once directed new covers with a corrugated surface to be made for all their coal holes, and that some of them were put in between two and three o'clock on the day of the accident; that between three and four o'clock on the same day their attention was called to one of the new covers, which was directly in front of the door, and some distance from the one on which the plaintiff claimed she fell, from the circumstance of a young woman falling into the hole, who they offered evidence to show was the plaintiff; that upon examination the cover was found to be too small for the hole, had rounded under edge, and tipped and turned when trodden upon. The police officer, who made the report to the captain of the police, testified that he reported the covers in front of the Pavilion only as slippery and smooth, and that there was nothing wrong about them at that time, February 3, except in that particular.

The principal question for the jury on the defendant's liability was, whether the plaintiff fell into the hole nearest Beacon Street, upon which was an old cover, or into that in front of the door, where the new cover was claimed to have been put; the defendant contending that it was not liable if the plaintiff fell upon the new cover, because it had not been there twenty-four hours, and the city had no notice; the plaintiff contending that the city was liable whether she fell upon the old or new cover.

At the conclusion of the charge the plaintiff requested the judge to instruct the jury as follows: 1. "The city, having had notice that a defect existed, which was the proximate cause of the injury, was bound by law to guard against said defect until made perfect. 2. The city, having had notice that a defect existed, and in consequence of that notice ordered and permitted the cover removed and a new one placed there, is still liable, without additional notice, for any injury occurring on account of the improper construction of the new cover."

The judge declined so to rule, but stated to the jury that it was a question of fact for them, as they had been previously instructed, whether the city had notice of the alleged defect; and added that if they found that the plaintiff fell on a new cover

as claimed by the defendant, the notice of February 3 becomes immaterial, and the defendant would not be liable unless the new cover, being defective, had been there twenty-four hours, or the city had notice of that precise defect which caused the injury. No exception was taken to the instructions given as to what would constitute notice.

The jury found for the defendant; and the plaintiff alleged exceptions to the rulings and instructions of the judge.

*L. W. Howes & S. F. Keyes*, for the plaintiff.

*G. Putnam, Jr.*, for the defendant.

COLT, J. The injury of which the plaintiff complains was caused by the negligence of the owner of a private building in not providing a safe iron cover for one of the coal holes in the sidewalk in front of his premises. The accident was occasioned by imperfection in the cover and by want of security in its fastening. This may have been a defect in the street for which the city would be primarily responsible if by the other facts proved the city was brought within the statute conditions of liability. These require that the city have reasonable notice of the defect or that it should have existed for twenty-four hours. It has been held that notice may be shown by proof that the proper officers of the city, whose duty it is to attend to municipal affairs, actually knew of it or with proper vigilance and care might have known of it. *Howe* v. *Lowell*, 101 Mass. 99. *Donaldson* v. *Boston*, 16 Gray, 508. *Harriman* v. *Boston*, 114 Mass.

In this instance the specific defect which was the direct cause of the plaintiff's injury had not existed for twenty-four hours. It was caused by the substitution of the imperfect cover in question for an old cover to the same hole. The case finds that instructions were given as to what would constitute notice sufficient to charge the city, which were not excepted to and are not reported. And the jury must have found either that the plaintiff was at fault or that there was no defect or no reasonable notice of it.

The plaintiff's requests for instructions could not have been properly given. Both assume that there was a previous defect in the old cover on account of its smooth and slippery surface, of which the city had notice, while the evidence only shows that two out of eight covers in front of the building in question were

smooth and slippery, and fails wholly to identify which of them was in that condition. There is nothing in the fact that a new cover was furnished for this hole, because new covers were furnished at the same time for the whole eight. The first request also erroneously assumes that the alleged defect in the old cover was the proximate cause of the injury, while the evidence is that it was caused by the imperfection of the new. The second instruction requested also contains the erroneous legal proposition that notice of one defect is notice of any other that may arise in removing the first. This may be true when the last defect is the work of servants or agents of the city while employed to remove or repair the first. It cannot be so where the defect is caused by the act of a third party not standing in such relation. The fact of notice of the existence of the previous defect may have an important bearing on the question of notice, which was submitted to the jury, and must be presumed to have received due consideration. It is not conclusive. *Brooks* v. *Somerville*, 106 Mass. 271. *Exceptions overruled.*