NAKUAIMANU *vs.* R. HALSTEAD AND H. GORDON.

ON QUESTIONS RESERVED.

THE STATUTE OF LIMITATIONS does not run against a tenant in common unless there has been an ouster or its equivalent. A lease made by a tenant in common for a specific portion of the land, no partition having been had, is not good against the other tenant in common.

Opinion of the Court by JUDD, J.

This is an action of ejectment. The complainant alleges

that defendants have taken possession of "the most northern third" of the land described in Royal Patent No. 262, granted to Kupahu, the plaintiff's ancestor.

The jury, under the direction of the Court, rendered a verdict for the plaintiff subject to the following questions reserved:

"Whether the Statute of Limitations will run against a person claiming to be a tenant in common of the land with the plaintiff, both claiming through the same ancestor?

"Judgment on the verdict to be modified if the Court shall think the plaintiff is only entitled to a moiety and is not entitled to have the verdict stand for the whole.

"The Court are to consider in connection with the point reserved, whether or not from the testimony produced on the trial an actual ouster of Kihikapu, defendants' lessor, ever took place, or if an ouster of his ancestors ever took place."

We find from the testimony taken at the trial, that the patentee, Kupahu, k., died in 1853, leaving no children, or mother, or father, or brother, and his heirs at law were his sister, Peku, w., and his widow, Kalauoaika, w. The widow remained on the land with her son, the plaintiff, the issue of a former marriage. Upon her death in 1865, the plaintiff continued in possession of all of the land, until the defendants took possession of one-third of it, say twenty acres, under a lease from Kihikapu, k., who is the nephew of Hooleiamoa, k., the husband of Peku above mentioned. The plaintiff has houses on and is in possession of the portion of land not occupied by defendants.

The possession of plaintiff and his mother before him was exclusive, and neither Peku nor any of her heirs ever lived on the land or claimed it.

In 1871, Peku disclaimed having any right or title to the land. The lease to defendants was made in December, 1876.

The authorities are unanimous and clear that the possession of one co-heir enures to the benefit of the other co-heirs or tenants in common. It, therefore, follows that the Statute of

Limitations cannot run against a tenant in common unless there has been an actual ouster or something equivalent to it. Until an ouster, or what is equivalent, a demand for possession and a refusal, a co-tenant cannot bring ejectment against his co-tenant.

We find on the testimony that there was no disseizin or ouster of Peku prior to 1871. The Statute of Limitations did not commence to run against her until that time, when she disclaimed title to the land, if indeed the disclaimer has that effect. Therefore sufficient time has not elapsed to establish in the plaintiff a title by prescription to this land against Peku or her heirs.

But the lease made by the co-tenant Kihikapu to the defendants, and their entry under it upon a specific portion of the land is an ouster of the plaintiff, so far as that portion of the land is concerned.

But as there was no partition of this land made between the heirs, the plaintiff is entitled to the possession of this portion of the land in common.

The verdict therefore must stand.

The cases in point are: Parker *vs.* Proprietors of Locks, etc., 3 Met., 91; Barnitz, Lessee, *vs.* Casey, 7 Cranch, 456.

E. Preston for plaintiff.

Cecil Brown for defendants.

Honolulu, November 17, 1877.