## THE CITY OF DELPHI V. ELIZABETH S. LOWERY, ADMINIS- TRATRIX OF THE ESTATE OF WILLIAM A. LOWERY.

1. *Evidence of Destitution in an Action for Negligence.*—In such action for the killing of an intestate through negligence, it is not competent to prove that the deceased left his family in destitute circumstances.

2. *Exceptions in Trial Court.*—A party must state specifically his grounds of exception to a ruling, and the bill of exceptions must exhibit them as stated.

3. *Degree of Care required of a Municipal Corporation.*—If there is a dangerous place in or near the usually traveled part of a street, the municipal authorities must use ordinary care to protect persons who make lawful use of the street in a reasonably prudent manner from injury. It is not sufficient to make the traveled part of

the street safe, but dangerous places near it must be guarded against by proper precautions.

4. *Proof of Prior Injuries to Other Persons.*—For the purpose of showing knowledge on the part of the municipality of a dangerous place, it is competent to show that other persons had previously been injured there.

5. *Record of Council Proceedings as Evidence.*—Appropriate records of the proceedings of the common council may be used as evidence in an action against a city for negligence, because the council is the agent of the city in its action, through which only it can act.

6. *Measure of Damages—Instructions.*—Where facts are given in evidence which ought not to be considered in estimating damages, the instructions of the court should inform the jury what facts should be considered by them in making up their estimate, and not leave it to them to take into account facts which have no legitimate bearing on that branch of the case; and, then, they have, on this basis, properly, a very broad discretion on the matter of damages.

Filed June 23, 1881.

Appeal from the Carroll Circuit Court.

Opinion of the court by Mr. Justice Elliott.

The questions which this case present arise upon the ruling denying appellant's motion for a new trial.

William A. Lowery, the appellee's intestate, lost his life by drowning in the Wabash and Erie canal, at a point within or near the corporate limits of the city of Delphi. There was evidence tending to prove that the intestate's death was attributable to the negligence of the appellant in failing to place barricades about the dangerous place, or to guard it by signals or warnings of danger. There was also evidence tending to show that it was the duty of the city to properly protect passengers from danger, inasmuch as one of the public streets of the city either ran up to and across the dangerous place, or that it terminated in very close and direct proximity to that point.

The appellee was permitted to prove, over the objection of the appellant, that the intestate left his family in a destitute condition. This evidence was incompetent. *Chicago & N. W. Ry. Co.* v. *Bayfield, Adm'r.,* 37 Mich. 205; *Pitts., Ft. W. & C. Ry.* v. *Powers,* 74 Ill. 341; *Chicago* v. *O'Bruman,* 65 Id. 160; *Sherlock* v. *Ailing,* 44 Ind. 184; *Penn. Ry. Co.* v. *Books,* 57 Penn. St. 339; *I. C. Ry. Co.* v. *Backes,* 55 Ill. 379; *Shea* v. *Poturs & Bay View Ry. Co.,* 44 Cal. 414. The appellee, however, insists that the objection to the admission of this evidence was not properly made,

and that there is no question saved. The position of the appellee is, that as the appellant stated no specific objections to the evidence, his exception was fruitless. The bill of exceptions contains this statement : "At the proper time, the said defendant before the trial began, moved the court to suppress certain questions in the depositions of witnesses," who are named, and the questions and answers designated, and the bill then proceeds.

"And the defendant then and there pointed out the reasons to to the court for said motion." We think this is not a sufficient statement of the grounds of objection. In the case of *Russell et al.* v. *Brahan*, 8 Bkf. 277, it was said : "We are not informed by the record what the particular objection was, and we cannot therefore notice it. The defendants should have informed the circuit court of the grounds of their objection, and when their motion was overruled, they should have taken care to have had such ground of objection made a part of the record. *Camden* v. *Doremus*, 3 How. 515." This doctrine has, by a long and unwavering line of decisions, been ingrained into our system of procedure as one of its fundamental principles. The party must state specifically his grounds of objections, and the bill of exceptions must exhibit them as stated. Unless this rule is adhered to, we would often have cases where one ground of objection was stated in the court below and another and a different urged upon appeal.

The appellee was permitted to prove that no barricades or warnings of danger were placed about the point where the public street of the city intersected or approached the canal. We think there was no error in this. There was some evidence tending to show that the place where the deceased was drowned was within the corporate limits, and that the street ran to the canal at the point where he attempted to cross. Conceding, however, that this was not so, it certainly was shown that the street of the city, as usually traveled, approached very near the canal, and that the appearances were such as would have indicated to a man of ordinary prudence that it was the usual crossing place. If there is a dangerous place in or near the usually traveled part of the highway, the municipal authorities must use ordinary care to protect persons who make lawful use of the street in a reasonably prudent manner from in-

jury. The duty resting upon the municipality is not fully discharged by making the traveled part of the highway safe, but such measures, as ordinary prudence requires, must be taken as will prevent persons using ordinary care from falling into dangerous places along the sides, or in close proximity to the termination of the highway of the municipality. *Alger* v. *Lowell*, 3 Allen 402; *Murphy* v. *Gloucester*, 105 Mass. 470; *Davis* v. *Hill*, N. H. 329; *Palmer* v. *Anderson*, 2 Cush. 600; *Niblett* v. *Mayor, etc.*, 12 Heisk. Tenn. 684; *Hey* v. *City Philadelphia*, 81 Pa. St. 44; *Higert* v. *City*, 43 Ind. on p. 592.

Evidence was given by the appellee that other persons had received injuries at the place where the deceased was drowned at times anterior to his death. This the appellant contends with vigor and ability was erroneous. There is some conflict in the authorities. In *Collins* v. *Inh. of Dorchester*, 6 Cush. 396, such evidence was declared incompetent. It was said to be: "Testimony concerning collateral facts which furnished no legal presumption as to the principal facts in dispute, and which the defendants were not bound to be prepared to meet." In support of the conclusion of the court, the following authorities were cited; *Standish* v. *Washburn*, 21 Pick. 237; 2 Stark Ev. 381; 1 Green Ev. §§ 52, 448. The cases of *Aldrich* v. *Pelham*, 1 Gray 510; *Kidder* v. *Dunstable*, 11 Id. 342; *Blair* v. *Pelham*, 118 Mass. 420, assert substantially the same doctrine as *Collins* v. *Dorchester*.

In *Darling* v. *Westmoreland*, 52 N. H. 532, the docrine of *Collins* v. *Dorchester* is vigorously assailed in an unusually able and elaborate opinion, and the opposite doctrine declared to be correct, both upon reason and authority. In the recent case of *Moore* v. *City of Burlington*, 49 Iowa, 136, the court adopted in effect, although not expressly, the rule declared in the New Hampshire case. The Supreme Court of Illinois declared in the case of *The City of Chicago* v. *Powers, Adm'r.*, 42 Ill. 169, that such evidence was competent. It was said in that case: "It is insisted that the court erred in admitting evidence that another person had fallen through the same bridge. If this evidence was admissible for any purpose, then it was not error. The action was based upon the negligence in failing to keep the bridge properly lighted. If another person had met with a similar fate, it would tend to show

that there was knowledge on the part of the city; that there was inattention on the part of the agents having charge of the bridge, and that they had failed to provide further means for the protection of persons crossing on such bridge. As it tended to prove this fact, it was admissible, and, if the appellants had desired to guard against its improper application by the jury, they should have asked an instruction limiting it to its legitimate purpose." In *Kent* v. *Town of Lincoln*, 32 Vt. 591, it was held competent to prove that other persons than the complainant had, at previous times, been injured by the same defect in a highway. A similar ruling was made in the case of *Quinlan* v. *Utica*, 11 Hun. 217. This case was affirmed without comment by the court of appeals, 174 N. Y. 614. In *The City of Hafers* v. *Augusta*, 61 Ga. 48, S. C. 34 Am. R. 95, the doctrine maintained by the cases cited was declared and enforced.

The Supreme Court of the United States in the *Grand Trunk R. R.* v. *Richardson*, 91 U. S. 454, held that it was competent for the plaintiff in an action for injury, resulting from fire communicated by the locomotives of a railway company to prove that during the summer preceding the burning of the plaintiff's property, fire was often scattered from the locomotives of the defendant when passing plaintiff's property. In *Hoyt* v. *Jeffries*, 30 Mich. 181, it was held proper to prove that sparks had at other times than that on which the injury sued for occurred been emitted from a chimney. The doctrine of the cases cited is supported by many adjudged cases; among them *Aldridge* v. *R. R.* 3 M. & G. 515; *Huyette* v. *R. R. Co.* 23 Penna. St. 373; *St. Joseph etc. Co.* v. *Chase*, 11 Kan. 47; *Lonagabaugh* v. *R. R.* 9 Nev. 291; *Penna. R. R.* v. *Stranahan*, 79 Penn. St. 495; *Annapolis etc.* v. *Gautt*, 39 Md. 115; *Dougan* v. *Champlain etc. Co.* 56 N. Y. 7; *Field* v. *N. Y. etc. Co.* 32 Id. 339. This court has adopted and enforced this doctrine. In the case of *The Pittsburgh etc. Co.* v. *Ruby*, 38 Ind. 294, this question was exhaustively discussed and the point expressly ruled. It was there said, "That evidence of specific facts was competent for the purpose of charging the corporation with notice." We are unable to perceive any difference in principle between the cases in hand, and the class of cases of which those last cited are types. If specific acts are proper for the purpose of showing notice

to the owners of machinery, or the employers of servants, it must be competent for the purpose of showing notice to a municipal corporation that there is a dangerous place within or near the limits of the highway. The cases directly ruling the point here under immediate mention, outweigh the cases in Massachusetts, for the latter are all built upon a single and not very carefully considered case. The doctrine of the cases in that court, cannot be reconciled with the doctrine of the class of cases represented by the *Pittsburgh etc. Co.* v. *Ruby.* This last doctrine has been recognized as sound by the Supreme Court of Massachusetts, and that court, able and distinguished as it confessedly is, has, as it seemed to us, sanctioned a doctrine inconsistent with that of *Collins* v. *Dorchester*; *Gahogan* v. *R. R.* 1 Allen 187: *Ross* v. *R. R.* 6 All. 87. It also seems to us that the doctrine of *Collins* v. *Dorchester* cannot be harmonized with *Crosby* v. *Boston,* 118 Mass. 71, but we deem it unnecessary to prolong this opinion by a discussion of the conflict between the two cases.

There was no error in permitting the appellee to read in evidence the record of the common council showing the report of a committee appointed by that body, and the action taken thereon. We are aware that this point has been differently ruled by the Supreme Court of Massachusetts in *Dudley* v. *Inhab,* 1 Metcf. 477, and *Collins* v. *Dorchester, supra.* The municipal corporation is represented by the common council, and the acts of that body, done in regular session, and within the scope of the power conferred by the charter, is binding upon the corporation. Corporations can act only by agents, and, certainly, the authorized acts of the highest class of corporate agents in the discharge of the duties of their agency are competent against the principal. We are at a loss to imagine a higher degree of evidence than that supplied by the official acts of the common councilmen performed in regular session of municipal legislature. The Massachusetts rule is unsound upon principle, and is opposed by the very decided weight of authority. *Requa* v. *City Rochester,* 45 N. Y. 129, on p. 137 ; *City* v. *Powers, supra*; *Thornton* v. *Crampton,* 18 N. H. 20 ; *Monaghan* v. *School Dist.,* 38 Wisc. 101 ; *Urd* v. *St. Paul,* 22 Minn. 443.

In criticising instructions given by the court, counsel say that many of them are erroneous, for the reasons that they assume the

existence of disputed facts, and the particular parts of the instructions complained of are specifically pointed out. We have examined the instructions and are unable to agree with appellant's counsel upon this point. The discussion of the rulings upon the evidence disposes, for the most part, of all the questions arising upon instructions, except the questions presented by the instructions upon the subject of damages, to be awarded in a case of recovery. The fifth instruction given by the court is as follows: "If you find for the plaintiff in assessing her damages, you may take into consideration the age of the deceased, his habits and occupation, and from all the facts determine what amount the plaintiff should recover not exceeding five thousand dollars." This instruction as applied to the facts which the court permitted the appellee to prove was erroneous.

Where, as here, the facts are allowed to go in evidence which furnish an incorrect basis for the assessment of damages, an instruction which directs the jury to determine from "*all the facts*" the amount of recovery is erroneous. The jury are not to determine the amount of recovery from all the facts, but only from such facts as form proper elements for consideration in computing damages. Where there are facts given in evidence which would, if considered by the jury in determining the amount of damages, necessarily lead to an incorrect assessment, it is wrong to instruct the jury that it is their duty to consider "all the facts." In the present case, evidence was allowed to go to the jury of the destitute condition of the family of appellee's intestate, and the instruction directed the jury to consider "all the facts," and, of course, the direction embraced this among other facts. The evidence of this fact was unquestionably emphasized by its going to the jury over the objection of the appellant. In directing the jury to consider "all the facts," they were required to consider the fact that the appellee's intestate left his family in poverty and want, and this was an element which ought not to have entered into the consideration of the jury. If the intestate had died the richest of men, it could not have decreased the damages, and, if he had died the poorest, it could not have enhanced them. There are not two measures, one for the kinsmen of the poor and one for the kinsmen of the rich; there is one standard only, and that is for all, the rich and the poor alike.

There are in almost every case facts which are proper for consideration upon some of the controverted questions, but which are not proper upon the question of the measure of damages.   Excluding from consideration the clearly incompetent fact that the family of the deceased were in destitute circumstances, there are other facts which ought not to have been considered in estimating the amount of recovery, notably so, the fact that others had been injured at the place where the deceased met his death.   This evidence, although competent upon the question of notice, was not an element for consideration in the admeasurement of damages, yet was embraced within the wide sweeping language of the court.  An ordinary juror, deeming himself authorized to consider the fact that others had received injuries from the same cause, would, be very likely to allow damages as a punishment.   The fact that the negligence of the municipal authorities had entailed suffering upon others, would influence the passions and bias the judgments of the jurors.   Where there are facts given in evidence which ought not to be considered in estimating damages, the instructions of the court should inform the jury what facts should be considered by them in making their estimate, and not leave it to them to take into account facts which have no legitimate bearing upon that branch of the case.   *C. & R. R.* v. *Becker*, 56 Ill. 25; *Steele* v. *Kintz*, 20 Ohio St. 191; *Blake* v. *Midland R. R.*, 10 L. & E. 437; *Telfer* v. *N. R. R.*, 30 N. J. L. 198.

The jury have, to be sure, a very broad discretion upon the subject of damages.   *City* v. *Scott*, (last term); *Indianapolis, etc. Co.* v. *Stout*, 53 Ind. 143. Broad as this discretion is, it is to be exercised upon proper facts.   Improper elements influencing not the judgment, but the passions or prejudices, should not form any part of the elements out of which the judgment of the jurors is to be constructed.   When the facts proper for consideration are submitted by the court, the question of the amount of damages is one for the sound judgment of the jury.   Where, however, the facts submitted are such as form an erroneous foundation for the minds of the jurors to build conclusions on, there can, in all probability, be no just result, even though the jurors build never so wisely.

For the error committed in giving this instruction, the judgment is reversed at the costs of appellee.

Coffroth & Stuart, Pollard & McReynolds, for appellant.

Judson Appelgate, for appellee.