## LIENA *vs.* MARY PAHAU ET AL.

### ON EXCEPTIONS.

THE PLAINTIFF claimed to recover one undivided half of the lands described of which he showed that he was tenant in common with defendants, and of which he alleged the defendants had taken the exclusive possession. The defendants made a general denial;

Liena *v.* Mary Pahau *et al.*

HELD, this must mean also that they have taken this exclusive possession.

At the close of the plaintiff's testimony the defendants moved for non-suit on the ground that there was no evidence that defendants had had exclusive possession. This being denied by the Court, the defendants put on their case and showed that they had had exclusive possession;

HELD, this cured the defect, and on exceptions non-suit refused.

Opinion of the Court by AUSTIN, J.

The bill of exceptions of the defendants as amended is satisfactory to the Court.

On now examining the pleadings we find that the plaintiff alleged title to and claimed to recover one undivided half of lands described, which the proof on his part showed he held as tenant in common with the defendants, and of which he alleged the defendants had taken the exclusive possession.

The defendants make a general denial which must be taken particularly to mean that they deny also that they have taken this exclusive possession of the land. By law the possession of a tenant in common of land is *"per my et per tout,* by half or moiety and by all."* Blackstone's Com., Vol. 2, pp. 191, 182.

As tenant in common then, the defendants had a right to possession of all with the plaintiff but not to the exclusive possession. When the plaintiff closed his case, if the defendant believed that no evidence of this exclusive possession had been put in, he might have asked without going into his own case, for a direction to the jury to find for the defendants, on the ground of this failure of evidence. See Adams on Ejectment, p. 135, note 1, and authorities cited. Had it been otherwise than a case of tenancy in common or joint tenancy, the argument of the learned counsel for the plaintiff on the point of possession and claim of possession, in actions of ejectment, might have gone far towards convincing the Court that the old technical rule requiring possession to be shown in the defendants in all cases ought not to be upheld. The counsel for defendants moved for a non-suit, which being denied by

the Court, the defendants entered upon their defense and by their proofs fully supplied every fact that the plaintiff had omitted to show. This cures the error by all the authorities. See Jackson *vs.* Leggett, 7 Wend., 377; Lansing *vs.* Van Alstyne, 2 Wend., 561; Murray *vs.* Judah, 6 Con., 484; McCotter *vs.* Hooker, 8th N. H., 497, 503; Bradley *vs.* Poole, 98 Mass., 169–791.

The exceptions are, therefore, overruled.

A. S. Hartwell for plaintiff.

J. M. Davidson for defendants.

Honolulu, May 8, 1882.