## G. K. KAIOIPAHIA *v.* KUNA.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 7, 1897.          DECIDED JANUARY 20, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

There being evidence on both sides of the question as to the time when
exclusive possession of land by the defendant's grantor began, she
being a tenant in common with plaintiff's ancestor, the judgment
of the trial court, jury waived, cannot be disturbed.

OPINION OF THE COURT BY JUDD, C.J.

This case comes to us on exceptions to the refusal of the trial
court to set aside its judgment and grant a new trial on the
ground that the judgment or findings of fact were contrary to
the evidence and the weight of evidence. The case is ejectment
by one G. K. Kaioipahia against Kuna, a tenant of one Lilika-
lani, for a parcel of land situated in Kauluwela, Honolulu,
awarded to Pouhiwa by Land Commission Award No 2145,
Royal Patent No. 1232, being apana 1 of said patent. The land
consists of 14 kalo patches, and is 1½ acres in extent. The land
came to M. Kekuanaoa. It is not essential to ascertain how, as
Kekuanaoa conveyed it on the 6th August, 1867, to Kaioipahia,
the plaintiff's father, and Napapa (w), under whom defendant
claims, in exchange for a piece of land situated in Waiawa, Ewa,
conveyed to him by the other parties by deed of the same date.
The said Napapa conveyed the whole land to her daughter, Na-
hua, by deed dated the 21st December, 1869. Nahua died in
1893, leaving her daughter Lilikalani as sole heir. The defendant

Kuna, is her lessee. The plaintiff, G. K. Kaioipahia, claims an undivided half of the land as heir to his father, one of the grantees of the said M. Kekuanaoa. The defendant claims the entire land by adverse possession for a period of over twenty years, and contends that entry and continued possession under the deed of Napapa to Nahua of the whole land constituted an ouster of the co-tenant, Kaioipahia. Defendant's counsel contended in argument that the deed itself being put on record was an ouster. The law is otherwise. A conveyance by one tenant in common of the whole estate must be followed by entry and possession under it to constitute an ouster. See *Nakuaimanu v. Halstead & Gordon*, 4 Haw. 42, and cases cited. The turning point of the case is the time of the alleged ouster, *i. e.*, when Nahua took possession. Witnesses for plaintiff assert, and it is not denied by defendant's witnesses, that one Nika, a connection of the plaintiff, cultivated the land for plaintiff's father and Napapa, but when Maihooluhi, Nika's wife, died, Nika left the land and Nahua took possession and afterwards leased it to Chinese tenants. The testimony is that Maihooluhi died shortly before a great epidemic of small-pox in the reign of Kalakaua. There were two visitations of small-pox since the great one of 1853, one in 1872 and one in 1881, which became epidemic. Kalakaua's reign began in 1874. Witnesses for defendant say positively that Nahua took possession in 1871 or 1872, but all say that when she took possession her daughter, Lilikalani, was a small child from four to six years old. She is now twenty-two years old. She was therefore born in 1874, and if she was, say four years old, when her mother took possession, that would fix the date of the entry and ouster as being in the year 1880, and the statute of limitations would not have run up to the date of this suit. The trial court followed this course of reasoning, holding that the small-pox epidemic of 1881 must have been that referred to, and consequently gave judgment for the plaintiff for one undivided half of the land.

The evidence fully justifies this conclusion, and we cannot, in view of the conflict of testimony, disturb this finding.

The exceptions are overruled.

*Magoon & Edings,* for plaintiff.

*C. Brown,* for defendant.