Syllabus.

## HANNAH MAKAINAI *v.* SOLOMON K. LALAKEA, ET AL.

## No. 1076.

RESERVED QUESTIONS FROM CIRCUIT JUDGE, FOURTH CIRCUIT. HON. C. K. QUINN, JUDGE.

ARGUED APRIL 11, 1918.        DECIDED APRIL 20, 1918.

### COKE, C. J. QUARLES AND KEMP, JJ.

FRAUD—*pleading*.

In alleging fraud the rules of good pleading require that the inculpatory facts be specifically alleged so that the pleading on its face discloses the mode in which the fraud was accomplished.

EQUITY—*jurisdiction*

The several circuit judges may exercise their equity jurisdiction when and only when the party has no plain, adequate and complete remedy at law.

SAME—*same—void deed—accounting*.

While ejectment is the proper remedy to recover land from one holding under a void deed, equity will entertain jurisdiction where the plaintiff cannot obtain complete relief at law and alleges facts showing that he is entitled to a discovery and accounting for rents of the land in controversy.

SAME—*pleading—discovery*.

A bill for relief upon the ground of discovery must aver that the facts sought to be discovered are material to the cause of action; that the party has no means of proving them in a court of law and that the discovery of them by respondent is indispensable as proof.

SAME—*same—accounting*.

Equity will relieve where the bill discloses that there is an account between the parties which cannot be conveniently and properly adjusted and settled in an action at law.

### OPINION OF THE COURT BY KEMP, J.

Hannah Makainai filed her amended bill in equity naming as respondents her brother Solomon K. Lalakea

and other brothers and sisters and children of two deceased sisters. By said bill she shows in effect that Thomas K. Lalakea, the common ancestor of petitioner and respondents, died intestate on May 7, 1915, seized and possessed of much valuable real estate in the Territory of Hawaii and leaving the petitioner and respondents as his heirs at law. That immediately after the death of said Thomas K. Lalakea the said Solomon K. Lalakea took possession of all the papers, documents and writings situate and then being on the premises theretofore occupied by said Thomas K. Lalakea. That thereafter on May 8, 1915, the said Solomon K. Lalakea presented a deed purporting to be signed by said Thomas K. Lalakea and witnessed by D. Namahoe and said Solomon K. Lalakea to a proper officer before whom said subscribing witnesses swore to the signing, sealing and delivery of said deed. That thereupon said officer attached to said purported deed his certificate in accordance with said evidence and said purported deed was thereafter on the 11th day of May, 1915, recorded in the registry office Oahu in Liber 428, p. 12 et seq., a copy of said deed (being a deed from Thomas K. Lalakea to Solomon K. Lalakea conveying twenty-five parcels of land, for the consideration of one dollar and love and affection) is attached to the bill and made a part thereof. That the said Thomas K. Lalakea, in his lifetime, did not deliver the said deed to the said respondent. That the said Solomon K. Lalakea immediately upon the recording of said purported deed entered upon the lands described therein and at all times from the date of said recordation to the date hereof has received the rents, issues and profits of said lands, and claimed to be the sole and exclusive owner thereof by virtue of said purported deed. That said Solomon K. Lalakea has an in-

terest in the lands described in said purported deed, as an heir at law of said Thomas K. Lalakea, but has no interest therein otherwise than as such heir at law.

The prayer is in effect that the said purported deed be declared absolutely null and void. That Solomon K. Lalakea be required to set forth under oath, a true, full and complete statement of all moneys received by him as rents, issues and profits of said lands, and deposit same in the court for the benefit of the heirs of said Thomas K. Lalakea and for such other and further relief as may be deemed proper in the premises.

The respondent Solomon K. Lalakea demurred to the bill for want of equity, in that it appears from the bill that petitioner has a plain, adequate and complete remedy in the common law. The circuit judge before whom the bill was pending thereupon reserved three questions to this court as follows:

"I.   Do the facts alleged and set forth in the amended complaint of petitioner, constitute under the laws of the Territory of Hawaii a case of which a court of equity in this Territory has jurisdiction?

"II.   Has the petitioner, under the facts set forth in the amended bill of complaint, a plain, adequate and complete remedy at the common law?

"III.   Should the demurrer of respondent, Solomon K. Lalakea, to the amended bill of complaint be sustained?"

The principal contention made by counsel for the petitioner is that her bill sets forth a fraud against which equity will relieve. But we cannot agree with the petitioner that her bill as presented sets forth a case of fraud at all. No doubt she relies on her allegations to the effect that respondent immediately after the death of Thomas K. Lalakea took charge of the papers, documents and writings on the premises occupied by him immediately before his death and the subsequent prov-

ing and recording of the deed in question, without its having been delivered, as being the facts which charge the respondent with fraud. These are the only facts set forth in the bill which have any tendency toward a charge of fraud and we think they fall short of that effect.

In making allegations of fraud, good pleading requires that the plea should state specifically the inculpatory facts in order that the wrong doing may thereby be made more clearly to appear. By this we do not mean that all the details and circumstances of the transaction as they will appear in evidence must be set forth, but the allegation of fraud should be explicitly and distinctly made and the mode in which the fraud was accomplished pointed out (10 R. C. L., 416). The bill in this case contains no distinct allegation of fraud and we are left to infer from the allegation that respondent took charge of the papers, etc., on the premises occupied by his father; that he in that way fraudulently took possession of the deed, without a specific allegation to that effect. The bill does not measure up to the standard of good pleading in this respect and cannot be upheld on the ground that it charges fraud. It may be that the petitioner can truthfully amend her bill so as to show that respondent fraudulently procured said deed to be executed or fraudulently got possession thereof. But it does not necessarily follow, from a showing that respondent fraudulently procured the deed to be executed or that he fraudulently got possession of it, that petitioner would be entitled to maintain her action in equity.

The jurisdiction in equity, which the several circuit judges are authorized to exercise, is limited and set forth in our statutes as shown by the following excerpts therefrom:

"In addition to the jurisdiction in equity otherwise conferred, the several circuit judges shall have original and exclusive jurisdiction of every original process whether by bill, writ, petition or otherwise, in which relief in equity is prayed for, except when a different provision is made" (Sec. 2472 R. L. 1915).

"The several circuit judges may hear and determine in equity, all cases hereinafter mentioned, when the parties have no plain, adequate and complete remedy at the common law, that is to say: * * *

"Suits between copartners, joint tenants and tenants in common, and their legal representatives, with authority to appoint receivers of rents and profits, and apportion and distribute the same to the discharge of incumbrances and liens on the estates or among the cotenants. * * * Suits upon accounts when the nature of the account is such that it cannot be conveniently and properly adjusted and settled in an action at law. * * * Cases of fraud. * * * And shall have full equity jurisdiction according to the usage and practice of courts of equity in all other cases where there is not a plain, adequate and complete remedy at law" (Sec. 2473 R. L. 1915).

The gist of these statutory provisions is that the several circuit judges may exercise their equity jurisdiction when and only when the party has no plain, adequate and complete remedy at law, whether it be a case of fraud or otherwise.

The respondent's main contention is that the bill does not set forth a case of fraud but merely a case of nondelivery of the deed in question and the petitioner having by her bill shown that she is not in possession of the premises in which she claims an interest and that the respondent Solomon K. Lalakea is in possession, claiming to be the owner of the whole of said lands, that therefore she has a plain, adequate and complete remedy by ejectment, a common law remedy and one in which

respondent could secure his right to a trial by jury of the central fact involved, viz., the delivery or non-delivery of the deed in question.

The right of the petitioner to maintain an action in ejectment has been questioned by the petitioner because of the fact that under her showing the petitioner and the respondents are cotenants or tenants in common of the lands described in the deed which the petitioner seeks to have declared void.

There can be no question that under the facts set out in petitioner's bill, which for the purpose of demurrer are assumed to be true, the petitioner and the several respondents are cotenants or tenants in common, for if as alleged by her the deed under which the respondent Solomon K. Lalakea claims to be the owner of the whole of said lands was never delivered Thomas K. Lalakea died seized and possessed of said lands and the petitioner and the several respondents upon his death, as his heirs at law, inherited the said lands.

It seems to be well settled that one tenant in common may maintain an action in ejectment against his cotenant where there has been an actual ouster (*Barnitz* v. *Casey,* 7 Cranch 456), or what is equivalent thereto, demand for possession and refusal (*Nakuaimanu* v. *Halstead,* 4 Haw. 42, 44), or where the cotenant is in possession of more than his share of the land, or is in receipt of more than his share of the rent (Adams on Ejectment 137). See also *Nahinai* v. *Lai,* 3 Haw. 317; *Liena* v. *Pahau,* 4 Haw. 475; *Godfrey* v. *Rowland,* 17 Haw. 577.

But, from the fact that the petitioner in this case could bring an action of ejectment against the respondent who is in possession, it does not necessarily follow that she must pursue that remedy. If the relief which she could obtain at law would not be "plain, adequate and com-

plete" she is entitled to pursue her remedy in equity (Sec. 2473 R. L. 1915).

The general rule is that if the petitioner's title is legal in its nature, as it is in this case if she has any title at all, she must be in possession of the premises before she can successfully invoke the aid of equity, since if she is out of possession she may, in an action of ejectment, test the validity of the instrument under which the respondent claims title (*Burton* v. *Gleason,* 56 Ill. 25; *Smith* v. *Roney,* 62 So. (Ala.) 753; *Penny* v. *British & Am. Mtg. Co.,* 132 Ala. 357).

But if the bill sets up additional facts which would require the intervention of a court of equity to administer complete relief the fact that the petitioner could bring an action in ejectment would not preclude her from coming into equity on her whole case even where her title is of a legal nature as it is here (*Sanborn* v. *Kittredge,* 20 Vt. 632).

It appearing that the petitioner could maintain an action in ejectment and thereby achieve the same result that would follow a decree declaring said deed to be void the question whether her relief at law could be adequate and complete in this case depends on whether the facts entitling her to the relief which she seeks in the nature of an accounting for rents could be alleged and proven by her in the law action of ejectment without a bill of discovery.

If the petitioner is in possession of the facts necessary to maintain an action at law for the recovery of the land and her portion of the mesne profits by way of damages her remedy at law is both adequate and complete, for regardless of the prayer of the bill before us the ultimate object is to recover petitioner's alleged interest in the land described in the deed which she seeks

to have declared void and to collect her portion of the mesne profits.

It is undoubtedly true that if certain facts essential to the merits of a claim purely legal be exclusively within the knowledge of the party against whom that claim is asserted, he may be required in a court of chancery to disclose those facts and the court being rightly in possession of the case will proceed to determine the whole matter in controversy (*Russell* v. *Clark,* 7 Cranch 69 at 90).

In this case the bill discloses that the respondent is in possession of twenty-five separate pieces of real estate in which the petitioner claims an interest, and has been in possession thereof for more than two years, using and enjoying the same, collecting and appropriating to his own use the rents, issues and profits thereof to the exclusion of the petitioner and on this branch of the case the prayer is that the respondent be required to set forth under oath a true, full and complete statement of all moneys received by him as rents, issues and profits and deposit the same in court for the benefit of the heirs of said Thomas K. Lalakea.

If the facts set forth constitute a good plea for discovery and accounting the bill shows a case of which equity will take jurisdiction, and having taken jurisdiction will, in order to avoid multiplicity of suits, administer complete relief (*Sanborn* v. *Kittredge,* 20 Vt. 632; *Smyth* v. *Ames,* 169 U. S. 466 at 517; *Wilder* v. *Roland,* 6 Haw. 647 at 650). But a bill in equity for relief in a cause purely legal, upon the ground of discovery, must aver that the facts sought to be discovered are material to the cause of action; that the party has no means of proving them in a court of law; and that the discovery of them by respondent is indispensable as

proof; and a want of such averments is fatal on demurrer (*Lancey* v. *Randlett,* 13 Atl. (Md.) 686).

It will be seen that this bill does not allege that the facts sought to be discovered are material to the cause of action or that petitioner has no means of proving them in a court of law, thereby making the discovery of them by the respondent indispensable as proof and we do not think that we can so infer from the allegations which the bill does contain, nor does it appear from the allegations of the bill that the account cannot be conveniently and properly adjusted and settled in an action at law so as to bring the case within the statutory provision hereinabove referred to.

We are of the opinion and hold that the bill as presented does not set forth facts which show the petitioner to be entitled to equitable relief, but if she can truthfully amend her bill so as to come within the principles set forth in this opinion, she should be allowed to do so upon such terms as the court below considers just.

The first reserved question is answered in the negative and the second and third in the affirmative and the court below is instructed to allow the petitioner to amend her bill if she so desires on such terms as the circumstances warrant.

*J. Lightfoot* (Lightfoot & Lightfoot on the brief) for petitioner.

*W. H. Smith* (*W. S. Wise* with him on the brief) for respondent S. K. Lalakea.