City of Aurora v. Brown.

# CITY OF AURORA
## v.
## EUGENE L. BROWN.

1. DUTY OF CITY IN CONSTRUCTION OF SIDEWALKS.—A city is not required to have its sidewalks so constructed as to secure immunity from injury in using them, nor is it bound to employ the utmost care and exertion to that end. It is only required to see that its sidewalks are reasonably safe for persons exercising ordinary care and caution in using them.

2. KNOWLEDGE OF DEFECT—NEGLIGENCE.—If a sidewalk is of such a character that extra care must be taken to pass over it safely, a party, who with full knowledge of its condition, does not take that extra care, can not recover for an injury caused in consequence. The stones of a sidewalk down a decline, the grade of which the city authorities could not lessen without damaging other important streets, had been worn smooth by constant travel, and a railing had been erected to enable parties to secure themselves from falling. *Held*, that a party, who, knowing the condition of the walk, ventured upon it and did not take the necessary precautions to prevent a fall, can not recover.

3. PRACTICE—ADMISSION OF EVIDENCE OF SIMILAR ACCIDENTS.—It is the policy of the law to exclude evidence of similar accidents, where the prudence of every person who had met with a like accident would be involved, but where the evidence of similar accidents is given simply to illustrate a physical fact before or after the occurrence being investigated and the conditions are the same, such evidence is admissible.

4. EVIDENCE.—To allow a witness to give his opinion as to the comparative safety between a wooden walk, had there been one at the place of accident, and the stone walk in question, was error.

APPEAL from the Circuit Court of Kane county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed February 9, 1883.

Mr. R. G. MONTONY and Mr. D. M. CLAPSADDLE, for appellant; that the plaintiff to recover must prove either that the defendant was guilty of negligence and he was free from all contributory negligence, or that his negligence was only slight and that of defendant gross, cited C. & N. W. R'y Co. v. Coss, 73 Ill. 394; City of Winchester v. Case, 5 Bradwell, 486; East St. L. Packing Co. v. Hightower, 92 Ill. 139; The President v. Carter, 2 Bradwell, 34; C. B. & Q. R. R. Co. v. Harwood, 90 Ill. 425; Wabash R'y Co. v. Jones, 5 Bradwell, 607.

The duty of a city is only to see that its sidewalks are reasonably safe for persons exercising ordinary care and caution in using them: City of Chicago v. McGiven, 78 Ill. 347.

A person is guilty of contributory negligence who goes into known danger or danger he might have discovered by the exercise of ordinary care: C. B. & Q. R. R. Co. v. Dewey, 26 Ill. 255; C. & N. W. R. R. Co. v. Coss, 73 Ill. 394; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; Lovenguth v. City of Bloomington, 71 Ill. 238; City of Centralia v. Krouse, 64 Ill. 19; City of Quincy v. Barker, 81 Ill. 300; The President v. Carter, 2 Bradwell, 34; C. B. & Q. R. R. Co. v. Colwell, 3 Bradwell, 545; City of El Paso v. Causey, 1 Bradwell, 531; C. B. & Q. R. R. Co. v. Sykes, 1 Bradwell, 521; L. S. & M. S. R. R. Co. v. Clemens, 5 Bradwell, 177; City of Macomb v. Smithers, 6 Bradwell, 470; City of Aurora v. Pulfer, 56 Ill. 270.

The evidence of other accidents of a similar character is only allowed when it is necessary to show what called the attention of witness to the defect, or in rebuttal of defendant's general care: Tomlinson v. Town of Derby, 43 Conn. 562.

Such evidence, if admitted, would present a collateral issue: Jacques v. Bridgeport R. R. Co. 41 Conn. 64; Bailey v. Trumbull, 31 Conn. 581; Collins v. Dorchester, 6 Cushing, 396; Hubbard v. Concord, 35 N. H. 52; Sherman v. Koolright, 52 Barb. 268; Maguire v. Middletown R. R. Co. 115 Mass. 239; Brown v. Cummings, 7 Allen, 507; Ellis v. Short, 21 Pick. 142; Farnman v. Farnman, 13 Gray, 508; 1 Greenleaf on Evidence, 449; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; Warner v. N. Y. C. R. R. Co. 44 N. Y. 471; Abbott's Trial Evidence, 584; Aldrich v. Pelham, 1 Gray, 510; Melody v. The People, 8 Bradwell, 485; Demerer v. Parsons, 8 Bradwell, 625; Maillerd v. Express Propeller Line, 61 N. Y. 312; Cole v. Corn, 5 Grat. 696; 1 Greenleaf Ev. § 52; 1 Wharton Ev. § 29; Reynolds' Stephen on Ev. Chap. 3, p. 18.

A witness can not be asked if, in his judgment, a sidewalk is a dangerous one, but must state its condition and surroundings and leave the jury to judge of its dangerous character: City of Chicago v. McGiven, 78 Ill. 347.

Each instruction must be in itself correct in this class of cases: Village of Warren v. Wright, 3 Bradwell, 602; C. & A. R. R. Co. v. Murray, 62 Ill. 326; Baldwin v. Killian, 63 Ill. 550; Ill. C. R. R. Co. v. Maffit, 67 Ill. 431; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499; Quinn v. Donovan, 85 Ill. 194; Ill. Linen Co. v. Hough, 91 Ill. 63; Joliet v. Walker, 7 Bradwell, 267.

Opinions of witnesses should not be received as evidence, where all the facts upon which the opinions are based, can be ascertained and made intelligible to the jury: Clark v. Fisher, 1 Paige, 174; Mayor, etc. of N. Y. v. Rentz, 24 Wend. 668; Lin v. Sigsbee, 67 Ill. 75; C. & A. R. R. Co. v. Springfield & N. W. R. R. Co. 67 Ill. 143; City of Rockford v. Hildebrand, 61 Ill. 159; City of Chicago v. Bixby, 84 Ill. 84; C. B. & Q. R. R. Co. v. Lee, 60 Ill. 501; Warner v. N. Y. Cent. R. R. Co. 44 N. Y. 465.

A person passing over a sidewalk is bound to act with reasonable prudence in the light of known facts: Kewanee v. Depew, 80 Ill. 119; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; Quincy v. Barker, 81 Ill. 300; Stratton v. C. C. H. R'y Co. 95 Ill. 25; The President, etc. v. Carter, 6 Bradwell, 421; Fulsom v. Town of Underhill, 36 Vt. 591.

Mr. CHARLES WHEATON, Mr. A. J. HOPKINS and Mr. N. J. ALDRICH, for appellee; that if the sidewalk was dangerous and plaintiff was using ordinary care in passing over it, and was injured, defendant is liable, cited City of Peru v. French, 55 Ill. 317; City of Centralia v. Scott, 59 Ill. 129; City of Sterling v. Thomas, 60 Ill. 264; City of Bloomington v. Bay, 42 Ill. 503; City of Champaign v. Patterson, 50 Ill. 61; City of Aurora v. Dale, 90 Ill. 46; City of Aurora v. Hillman, 90 Ill. 61.

The construction of a dangerous sidewalk on a great thoroughfare is gross negligence: City of Chicago v. Langlass, 66 Ill. 361.

If a person know of defects in a sidewalk he must observe diligence in passing over it, but it is not held that he must take some other walk: El Paso v. Consey, 1 Bradwell, 531;

City of Aurora v. Brown.

President v. Carter, 2 Bradwell, 34; City of Macomb v. Smithers, 6 Bradwell, 470; City of Quincy v. Barker, 81 Ill. 300; Lovenguth v. City of Bloomington, 71 Ill. 238.

Judgment will not be reversed because some one of the instructions fails to state. the law applicable to the facts with sufficient qualification, provided other instructions cure the defect: State v. Maloy, 44 Ia. 104; Kendall v. Brown, 86 Ill. 387; Skiles v. Caruthers, 88 Ill. 458; Edwards v. Cary, 60 Mo. 572; Toledo, W. & W. R. W. Co. v. Ingraham, 77 Ill. 309; People v. Cleveland, 49 Cal. 578.

The evidence of other accidents of a similar character is competent to prove defendant had notice, was negligent, and that the sidewalk was dangerous: Mobile, etc. R. R. Co. v. Ashcraft, 48 Ala. (N. S.) 15–305; House v. Metcalf, 27 Conn. 631; Hill v. Portland, etc. R. R. Co. 55 Maine, 430; Darling v. Westmoreland, 52 N. H. 401; Tomlinson v. Town of Derby, 43 Conn. 561; Fillo v. Jones, 2 Abb. (Ct. App.) N. Y. 121; Abbott's Trial Evidence, 585; Sheldon v. R. R. Co. 14 N. Y. 221; Hinds v. Barton, 29 N. Y. 544; Field v. N. Y. Cent. R. R. Co. 32 N. Y. 339; Webb v. R. W. & O. R. R. Co. 49 N. Y. 424; Hoyt v. Jeffers, 30 Mich. 181; Smith v. O. C. & N. R. R. Co. 10 R. I. 22; Grand Trunk R. R. Co. v. Richardson, 91 U. S. (1 Otto) 454.

LACEY, J. This was an action on the case by appellee against appellant for failure on its part, as was claimed, to keep a certain sidewalk on Fox street, in East Aurora, in good and safe condition, and suffering it to be and remain in bad condition and dangerous to passers over it, by means whereof the appellee, while passing along and upon the sidewalk, necessarily slipped and fell upon the walk and the left leg and knee of appellee was injured, the knee cap fractured and broken, and the bones of the left leg broken, for which he claimed damages in the sum of $10,000. The suit was commenced Sept. 10, 1879, and the injury was received Aug. 3, 1878, and trial before the court and a jury and verdict was given for appellee for $6,000 damages, and on Oct. 17, 1882, motion for a new trial was overruled and judgment rendered on the verdict.

The cause is appealed to this court by appellant, relying mainly upon the ground for reversal that the verdict was manifestly against the weight of the evidence, and that the court wrongfully admitted certain evidence on the part of appellee. The particular sidewalk in question was on the south side of Fox street and laid between LaSalle street and the railroad track, which ran through the block half-way between LaSalle street and Broadway, and was west of LaSalle street and east of the railroad. The walk was a stone walk constructed of flag-stone some four by six feet each, and the walk was six feet wide and forty-four feet and eleven inches in length.

There was a descent from, or fall from, the east to the west end of this piece of sidewalk in this distance of four feet nine inches, and the outer edge of the walk was five and a half inches lower than the inner edge. The flag-stones were originally cut rough, but by constant use for about eleven years had become smooth, more especially in the center. There is a railing on the north side of this walk next to the street made of two by four inch scantling set on about five posts and about three feet high, made for the purpose of enabling people passing along the walk to protect themselves from falling or to assist in passing up and down the walk; on the south side of this walk is a wall which at the east end is two feet four inches high and at the west end or foot of the walk is six feet nine inches high, the descent being the difference between the two heights. It appears from the evidence that on the day of the injury, which took place about one o'clock P. M., the appellee had been to the court house attending a lawsuit which he had in progress, concerning some property of his, and on going home he passed along Fox street. He was going west with his brother and nephew; they were walking side by side busily talking about their business as they passed down the walk, the appellee being on the outside next to the rail. He and his brother were interested in the suit and it was not finished. They were talking about the suit, but could not say for certain.

As they went down the walk, as appellee testifies, he placed his hand on the rail and had hold of it as he went along down

City of Aurora v. Brown.

and was walking in that way when his right foot went out from under him and threw him forward on his left knee; the motion of his body, his weight and the decline made him fall with a good deal of force, and he was dazed for a moment; he was protecting himself by taking hold of the rail. At the time of the injury he had gone half-way down the walk, perhaps a little more, when he slipped.

In the fall he broke the cap of his knee in four places and the tibia bone in his left leg was broken. From this wound he suffered great pain and was confined to his bed for many months, and was put to large expense for doctor bills, nursing, etc., and is permanently injured, his leg being stiff and likely to remain so.

The main question in the case is whether the sidewalk was reasonably safe for use as a sidewalk, and did appellee, in case it should be determined not to be reasonably safe, exercise ordinary care under all the circumstances in passing over the sidewalk?

We have read the evidence with great care and the argument of counsel on both sides with interest, and have come to the conclusion that the verdict was wholly unauthorized by the evidence, and shall mainly consider that question. This sidewalk was constructed from material that is ordinarily and commonly used by cities and villages in constructing walks. Sometimes such walks are made of stone and sometimes of boards and other material, that matter being generally governed by considerations of economy and convenience. In this case the appellant deemed it best to construct the sidewalk of stone, roughly hewn originally, but which in the course of time became somewhat smooth, on which at certain times persons not using care would slip and fall.

The appellants then put up railing on the north side of the walk which would enable persons to secure themselves against falling. It appears that this grade was caused by the natural formation of the surface of the ground upon which the streets were located, and that it was impossible for the city authorities to lessen the grade of this sidewalk without damaging other and as important streets and crossings as this. So that

the appellants were not at all responsible for the steepness of the grade.

It appears from the evidence that this was the most public street in the city, and that this walk was used perhaps more than any other walk and had been constructed more than eleven years prior to the accident, and that of all the thousands that had ever passed over it, this was the first serious accident that had ever happened.

Indeed, some persons had slipped and fallen, but with those who were acquainted with it, and who took the precaution to hold to this rail as they passed down, no one had ever fallen or had ever experienced any trouble in passing down in perfect safety.

" A city is not required to have its sidewalks so constructed as to secure immunity from injury in using them, nor is it bound to employ the utmost care and exertion to that end. It, under the law, is only required to see that its sidewalks are reasonably safe and reasonably safe for persons exercising ordinary care and caution in using them": City of Chicago v. McGiven, 78 Ill. 347.

It has been decided by the Supreme Court in the case of the Village of Kewanee v. Depew, 80 Ill. 119, that Depew had no right to recover against the village in a case where he received injury from stepping on a plank close to a hole in the sidewalk, and thereby slipping his foot into it and falling, causing serious injury. The accident happened in broad daylight and the existence of the defect in the sidewalk was known to him, but his attention for the moment was called away looking at a passing buggy, observing the style of the harness upon the team.

Although the city was negligent in not repairing the sidewalk, it was found by the Supreme Court trying the question of fact that Depew was so negligent that he could not be deemed to have been in the exercise of due care. That in fact he exercised no care at all, but was heedless, and the judgment in his favor was reversed and his right to recovery denied. In the case we are now considering the evidence is not at all conflicting, but shows that while the stones comprising the

City of Aurora v. Brown.

sidewalk, or portions of them, were somewhat smooth, and persons were liable to slip and fall in hot and windy days especially, yet by the use of extra care in walking or by holding to the rail there was no difficulty whatever in passing along in safety.

Old men and cripples, and heavy men constantly passed and repassed in safety. The sidewalk did not appear to be shunned by those most familiar with it, but they passed over it freely, only deeming it necessary to use a little extra care. It was one of the main sidewalks of the city and had remained in the same condition for years. On ordinary occasions it was not very slippery, but only on very hot and windy days when all the sand and dirt were blown off from it, and the heat seemed to affect it. The appellee had lived in the city for several years in close proximity to the walk and had passed over it frequently, and must be deemed to have been familiar with its condition. He does not say in his evidence that he was not, and under all the circumstances we think the proof shows that he was entirely familiar with it. He even claims that he was holding on to the rail to prevent accident. Knowing the condition of the walk he ventured upon it and took his chances as to passing over it safely. He knew he must exercise more than the care required to walk on a level pavement built of rough stones. We need not determine that the appellant would not have been negligent under all the circumstances in not furnishing a better walk in case appellee had not been familiar with it, but we think under all the circumstances that he clearly was not exercising that degree of care while passing over the walk required by law. If the walk was smooth in places as it appears to have been, it was the duty of the appellee, knowing this fact, to have watched his steps carefully and have held to the rail in such a way that if his feet slipped he could support himself upon the rail. Instead of this his hand being on the rail seemed to be no protection. He was walking along busily discussing with his brother a lawsuit then pending, in which they were both interested, and suddenly slipped and fell. It seems quite unlikely that he could have been paying that attention to his

steps that prudence required, for all other persons who had walked over the walk with the hand on the rail, slowly and carefully, had never failed to go over safely. Knowing how hard it is for two subjects to occupy the mind at the same time it must have been that his attention was not on his steps or the walk as closely as it should have been. And if the walk was of that character that with the closest attention and with holding to the rail, a person was liable to accident, then he was negligent in going on it at all.

But we think that with a full knowledge of the condition of the stones in the walk, a person using ordinary care, that is, the care a reasonably prudent person would use under like circumstances, could safely pass over the walk. That as to such persons it was a reasonably safe and sufficient walk, and that the appellant would not be liable for injuries received by such persons who undertook to travel on it. The appellee in this case received a very severe injury and suffered intense pain and long confinement to his bed, and may never recover the use of his leg, and is entitled to the deepest sympathy from all for his misfortune, but these facts alone do not constitute grounds for recovery. There must have been substantial negligence or wrong on the part of appellant in regard to its action or non-action concerning this sidewalk such as a reasonably prudent man would not allow to exist when applied to his own affairs, and ordinary care and prudence on the part of the appellee, or there could be no recovery. There being but little dispute in the case about the facts as they exist, it becomes a matter of opinion to determine whether a cause of action exists, and while making due allowance for the verdict of the jury we think manifestly there is no right of recovery; that the verdict of the jury was manifestly against the weight of the evidence. Questions are made by appellant in regard to the admissibility of certain evidence to the effect that others slipped and fell on this walk, and a great deal of authority is quoted on both sides on the subject.

The court admitted this class of evidence against the objection of appellant. We are of the opinion that the evidence was admissible. The defect claimed in the walk was

that it. was so smooth that it was dangerous to travel on account of travelers slipping down upon it. . How could it be told whether men's feet would slip while passing over it unless by experiment or trial, or to what extent or how badly they would slide? It was material to know whether the feet would slide from under a person while walking on an ordinary . walk, or if he was taking short, careful steps, what the effect would be.

There might be some substances so smooth that a man with common leather shoes or boots could not walk across it without falling, and every degree of smoothness from that condition to one where the danger from sliding would amount to nothing. The objection which is made, and which can be made to a certain class of evidence is, that it raises collateral and immaterial issues that need to be as much tried as the one on trial. .Of this class we would have an example, if in a case on trial the issue was that a person was guilty of contributory negligence in crossing a railroad at a certain crossing, and the party maintaining the negative should attempt to show that other parties had crossed under like circumstances and received injuries, drawing the deduction that as others had crossed and received injuries that any prudent person might do likewise and therefore he was not imprudent in crossing, or where there was a hole in the sidewalk it was attempted to be shown that other persons had fallen into it to .establish the fact that prudent persons would fall into it.

In this class of cases the prudence of .every party who had met with like accident would be involved and open to be controverted just as much as the one on trial.

If the court should be obliged to stop to try all such cases, the issue would be endless. Hence the policy of the law in excluding that class of evidence. But where it is attempted , to be shown what has happened to others, simply to illustrate a physical fact before or after the occurrence being investigated, if the conditions are the same we can see no objection to the admission of the evidence. So, in Walker v. Westfield, 39 Vt. 246, it was held that it was competent in rebuttal to prove the condition of the road, that the wagon wheel of a man,

some days after the accident, dropped in to its axle-tree in certain ruts, for the reason that it tended to show the depth of the hole and condition of the roads. It would be the same as though a yardstick had been stuck down into the rut for the purpose of measurement.

This the opinion states would not be introducing a collateral issue. We think that the evidence was competent. We think that it was not competent to allow the witness Ross to give his opinion as to the comparative safety between a wooden walk, had there been one at the place of the accident, and a stone walk there, and the court should not have allowed it.

We see no objection to the introduction of the city ordinance to show the control of the city of the sidewalks. For the reason that the verdict was manifestly against the weight of the evidence the judgment is reversed.

Reversed.

PILLSBURY, P. J. I concur in the judgment, but dissent from the proposition that the evidence that others had slipped upon the walk was admissible.

It seems to me that the city would have the same right to show that their slipping was in consequence of their carelessness, as it has to defend this suit upon the ground the plaintiff was negligent.

Such evidence tends to raise too many collateral issues to be determined in one case, where no good reason can exist for it, as the condition of the walk could be easily shown by direct evidence.