Laubie, J.
This is a proceeding in error, brought to reverse a judgment of the court below in an action wherein Bartram was plaintiff, and the village of Ashtabula was defendant, to recover damages for injuries sustained by the plaintiff by rea *641 son of a defective railing or fence at the side of one of the streets of the village, where Main street runs upon the side of Mill hill. There were two watering-troughs on this part of the street, and the accident occurred opposite the upper watering-trough. At that point the hill to the right of the road on the east, descended abruptly for 75 feet; and along the side of the street on the hill there had been erected, by the village, a fence, apparently for the purpose of preventing either teams or people from falling over the precipice.
At the time in question, the fence was out of repair at the point opposite the upper watering-trough. There was some dispute as to the extent to which the fence was down at that point, but the weight of the evidence is that it was down for a distance of 82 feet, and it was at that point, as the plaintiff was driving down the hill, that he received the injuries in question, by his horse shying to the eastward, and precipitating the buggy in which he was riding over the precipice.
The plaintiff alleged that the street was dangerous for travel without a barrier, and which it was the duty of the defendant to build and maintain; that defendant had constructed a fence as a barrier, but had negligently and knowingly allowed the same to be out of repair for an unreasonable length of time, etc., upon which issue was taken by the defendant, and contributory negligence upon the part of the plaintiff was alleged.
The evidence which the plaintiff in error relied upon to show contributory negligence, was largely in reference to the character of the plaintiff’s horse, and his careless driving. Upon this point the testimony was conflicting, and we can not say that the verdict of the jury on that point was clearly against the weight of the evidence.
The next proposition made is that the court erred in admitting evidence to show that the fence, at the point of the accident, had been repaired shortly after the accident, by the village. We have not been able to see that the court committed any error in admitting that evidence. It was competent, at least for one purpose, if for no other, and that was as tending to prove an admission by the village that it was its duty to maintain and keep the fence in repair. The objee *642 tion. to the evidence was a general one, and if it was competent for one purpose in the case it would not be error to admit it because it might be incompetent for another.
The principal point relied upon as error, however, by the plaintiff in error, is that evidence of prior accidents to other persons, of a similar character, at the place in question, was admitted by the court to go to the jury; to the admissibility of which, and to the court’s charge in reference thereto, the defendant excepted. In admitting the evidence, the court said: “We would say, it is competent for the purpose of showing the dangerous character of the street at that point, as requiring a barrier. Also competent for the purpose of showing that the corporation had notice of its dangerous character.” The part of the charge which relates to this evidence, is as follows: “Now, gentlemen of the jury, as bearing upon this first proposition, evidence has been introduced of previous accidents at this place. That evidence has been permitted for two different purposes. One to show that the place was a dangerous place, and might require the establishing or construction of a railing, or a barrier. In the next place, it is evidence competent, as tending to show that the corporation had notice of the extent of the defect or tearing away of the railing, which they may be bound to keep at this place.”
It seems, therefore, that the evidence was admitted for two purposes, and the question here made is whether or not it was admissible for those purposes, or either of them. It is claimed on the part of the plaintiff in error that it was not admissible for any purpose, and that seemed to be their objection below — a general objection to the testimony, upon any phase of it, that it was incompetent.
I think it fairly appears that the court was limiting the application of this evidence, so far as the place of accident was concerned, to the dangerous condition of the street for want of a barrier — not that the street itself on its surface was dangerous, or that an obstruction existed upon the street. Confining it to that, was such evidence competent to show the existence of a dangerous place, over which and down which teams might be precipitated because there was no barrier to *643 prevent it, and to prove notice thereof to the village? The evidence disclosed that these prior accidents had occurred some two years before the accident complained of by the plaintiff, and if there had been a failure of proof to connect the condition of the railing at that time 'with its condition at the time of the accident in question, then it might have been incompetent; but the evidence in the case, and from the same witnesses, disclosed that the same defect in the fence existed from the time of those accidents until the accident complained of by the plaintiff, and until the fence was repaired a month thereafter.
It is true that at the time of the prior accidents, the street at the point in question was icy and slippery — in one case a sled heavily loaded with grain slid upon the ice and went partially down the precipice, or at least to its edge, where the sled caught upon one of the posts of the fence that still remained there, and was held by it from being precipitated down the hill. One of the horses did go over, but was held by the harness a sufficient length of time until they could get him up and out of the dangerous position which he was in. In the other case the driver was driving down the street with a wagon loaded heavily with wheat, and because of the ice the hind wheels slipped, and the wagon, horses and all were precipitated down the precipice. So far then as the condition of the street is concerned, it was not the same in the prior accidents as in the one complained of by the plaintiff, for his accident occurred in the month of May, and at a time when the road was not slippery, and there was no ice, and when instead of the slope of the street being toward the precipice, caused by the bed of ice from the overflow of water from the trough, the slope, was in the other direction. The condition of the surface of the street therefore was entirely different in the cases, and if the court had allowed the evidence to be given for the purpose of showing anything else but that it was dangerous by reason of the want of a barrier at that place, it would have been erroneous, because to render such testimony admissible in any case, it must appear that the conditions were substantially the same in each case — in this case the condition of the fence, not the street.
*644 Upon the question stated we have examined nearly, if not quite all the American cases, and have given the matter a very thorough consideration, and I state the result of our labors upon the point.
Cases where evidence was admitted of similar acccidents at other and different times, suffered by other persons than the plaintiff at the same point, group themselves generally into three classes: 1. Cases of fire communicated by sparks from railroad engines, to property adjacent to“and along the line of the railways. 2. Cases of nuisance in highways or streets, and acts done near thereto calculated to freighten horses. 3. Cases of defects and dangeeous places in public thoroughfares, railways, or ways held open for passage to all who have occasion lawfully to enter and use them, without notice given-of the danger, or proper guards or lights placed about the same.
The admissibility of such testimony in each class is dependent upon the same principle, and is sustained at the present day by the authorities generally.
It is apparent that this case comes within the third class, and I shall merely refer to some of the decided cases, within that class, where the evidence was admitted. District of Columbia v. Armes, adm’r, 107 U. S. 519, is a case of defective sidewalk, from which defect the plaintiff claimed to have suffered injury. Evidence was admitted of other accidents to other persons, at the same place, while the walk was in the same defective condition. Morrissy v. M. S. & St. L. R. R. Co., 30 Minn. 465, is a case where the plaintiff had sustained an injury by reason of an engine running off the track at a defective switch. Evidence was admitted that other engines, prior to that time, had run off the track at the same point.
In The City of Delphi v. Lowery, adm’r, 74 Ind. 520, the decedent in the night-time fell into a canal and was drowned for want of a barrier. Evidence was admitted that others had suffered accidents at the same place. In Kent v. Town of Lincoln, 32 Vt. 591, the plaintiff was injured by being jolted out of his wagon in the highway, in crossing a water bar. Evidence of similar accidents to others at the same place was admitted, although the carriages were not of the same kind, and *645 no evidence was given of the rate of speed at which the parties were driving. In City of Chicago v. Powers, adm’r, 42 Ill. 169, the decedent, for want of sufficient lights to avoid' the danger, stepped off the approach of a bridge in the night, while it was being swung around to enable a vessel to pass. Evidence that another person had, under similar circumstances, met with a similar accident, was admitted.
In all cases where such evidence was admitted, it was admitted for the purpose of showing the dangerous character or condition of the thing, place, or act in question, and to prove notice of such character or condition to the defendant; but not to prove that the defendant was negligent in using such thing, or in permitting such place to be in such condition, or in doing such act; nor that the plaintiff had exercised proper care;. nor that such condition or such act had been, as between plaintiff and defendant, the sole cause of the injury. As to these latter issues, such evidence would be collateral and incompetent, but on the former it would have a direct bearing. The question, therefore, whether such other and similar accidents had been caused in whole or in part by the negligence of such other persons, could not become an issue in the case to distract the mind of the jury from the real issue; and it would be the duty of the court, at least upon request, to instruct the jury directly as to the purpose for. which only such evidence could be regarded, as the court would have done, undoubtedly, if the defendant had so requested in this instance.
“ It is the policy of the law to exclude evidence of similar accidents, when the prudence of every person who had met with a like accident would be involved; but when evidence of similar aceidents is given simply to illustrate a physical fact, before or after the-occurrence being investigated, and the conditions are the -same, such evidence is admissible.” City of Aurora v. Brown, 12 Ill. App. 122. This rule excludes the possibility of a collateral issue, because such evidence is admissible only where the dangerous character or condition of the place, thing, or act in question, or knowledge thereof by defendant, is in issue, and then only to illustrate or explain such character or condition, or to show such knowledge, and *646 because under it no evidence is competent, or is permitted either way, as to the carefulness or negligence of such persons in such other accidents. In cases where such character or condition is not in issue, and where the only issue made is upon the negligence of the parties, such testimony would not tend to prove any issue of fact, unless it would be to prove that the defendant was negligent, or that the plaintiff was not, and would be of no weight either way until the jury had first tried and determined which party had been guilty of negligence in such other accidents, thus presenting a clear collateral issue to be tried, and therefore in such cases, such evidence would not be competent.
Such was the case of the Insurance Co. v. Tobin, 32 Ohio St. 78, where a recovery was had against the company for the destruction of the boat insured, in striking a sunken snag, which caused her to leak and sink by reason of a peril of the river covered by the insurance. It was claimed by the plaintiff on the trial, that it was not known until some time afterwards that the boat had struck the snag, and not in time to save her, and evidence was sought to be introduced to show other accidents of a like kind, where boats had struck snags in the river, and the injury was not discovered for some time thereafter, and not until it was too late to save the boat. One witness testified to a similar accident to the “ Sherman ” while he-was on board of her, and said that “ No one knew any thing about it at the time.” The court held the testimony incompetent, as introducing a collateral issue upon the question of care and prudence of the parties, and say, (page 89,) “ Other persons on the ‘ Sherman ’ at the time might have noticed the shock occasioned by the blow that broke the vessel. This' would, probably, become a disputed question calling for the testimony of all the persons on the ‘ Sherman ’ at the time of the accident to settle the question of fact as to her case.” The question thus made involved only the carefullness of the' parties, whether they should have discovered the injury at the time it occurred.
It is true, the .court did not make the distinction I am contending for, as deduced from the authorities, of when such evidence is competent under the issues and when it is not, but *647 the case serves to show the distinction, and to explain the principle upon which we think it should be founded.
In Coble v. The State, 31 Ohio St. 100, the defendant was convicted of an assault with intent to rob, and evidence had been admitted to show that he had committed similar assaults about the same time and place. While the Supreme Court held this was error, in so far as it tended simply to show an attack of like character committed by him upon another person, and at another time and place, it was said (pp. 102, 103): “ In so far as the testimony admitted tended to show that the defendant was in the vicinity at the time the offense charged in the indictment was committed, it was clearly admissible.” If admitted for the latter purpose, no collateral issue would be raised of the commission of similar offenses by the defendant, although it might appear incidentally that he had committed other assaults.
But the rule that excludes evidence collateral- to the issue, has been so often and so widely departed from, that it requires considerable hardihood to solemnly assert it as a settled rule in our law.
Take the case of Read v. State, 15 Ohio, 217, where the defendant was charged with passing counterfeit money. Evidence that he passed other counterfeit money, was held to be competent to prove guilty knowledge on the part of the defendant that the money he passed in the given instance was counterfeit, and which involved a collateral issue, whether such other money had been passed by him and was counterfeit, and when it was not even in court to be identified or inspected. In Edwards v. Owen, Id. 500, the defendant was sued for fraudulent representations as to his solvency, producing injury to the plaintiff. Evidence was admitted that he made similar false representations to others about the same timé; introducing a collateral issue upon the precise point to be tried to the jury, whether those representations had been made in fact, and if made, whether they were false and fraudulent. Again, in Shriedly v. State, 23 Ohio St. 130, where defendant was charged with receiving stolen property, knowing it to be stolen, evidence was permitted to be given that the defendant had received other stolen property from the same *648 thief; involving the question as to whether or not such other property was in fact stolen, and to the knowledge of the defendant.
In Insurance Co. v. Wright, 33 Ohio St. 533, Wright brought suit against the Company to recover back premiums paid upon a policy issued upon his life, upon the ground of fraudulent representations made by the agent of the Company in regard to the character of the policy the Company would issue upon the application, that induced him to take out the policy, and evidence was offered of other instances of similar fraudulent representations made^to others, by the same agent, by which they were induced to take out similar policies. The Supreme Court heldjfthat the evidence was erroneously admitted, because it was not shown that such other representations were in fact]’false, j or known by the agent to be untrue; excluding the evidence squarely upon the proposition that the whole collateral issue had not been gone into and established.
In Bainbridge v. The State, 34 Ohio St. 264, the defendant was charged with having delivered skimmed milk to a cheese factory with intent to defraud, a crime under the statute, and evidence(was admitted, and held to be competent, that he had on prior occasions delivered skimmed milk to the same factory. In Tarbox v. The State, 38 Ohio St. 581, Tarbox was indicted with others for a conspiracy in obtaining a check for $1,100, upon false pretenses or representations in the sale of a horse. He was put on trial separately, and for the purpose of showing knowledge'.upon his part of the falsity of the representations made, and for the purpose of proving the conspiracy, evidence was admitted that in the city of Detroit, at a prior time, he and the persons under indictment with him, had conspired together for a similar purpose. The court say : “ Did the court err in admitting evidence of similar offenses with the same parties that arose prior to this time, in the city of Detroit? We think not. If admissible for any purpose, there was no error in refusing to exclude it. We think it is competent for the purpose of showing the conspiracy between-the defendants, and also to show knowledge of the falsity of the representations when made. The court, in its charge, in *649 structed the jury to consider it for no other purpose, and no exception was taken. It was incumbent upon the state to make, out a conspiracy before certain sayings and doings of the co-defendants could be received as evidence against Tar-box. For that purpose it was clearly competent to show that about the same time the defendants jointly conspired to commit, and bad together committed like offenses at other places, and under similar circumstances.”
Theo. Hall and Langworthy, for plaintiff in error.
Hoyt & Munsell, for defendant.
Here testimony of similar offenses was admitted to prove not only scienter, but also the charge of conspiracy laid in the indictment.
While we are not prepared to say that we would go the length of some of these cases, if the questions were before us as original, we think it may be confidently asserted that the court below, in the case at bar, while advancing in the same line, did not so nearly encroach upon the rule that excludes evidence collateral to the issue, as the cases to which I have referred, where the liberty of the defendants was involved; and those cases more than sustain us in holding that the evidence excepted to was competent for the purposes for which it was admitted under the issues in the case.
Upon the question of notice, it is true that the defect in the fence existed for more than two years prior to the accident in question, and therefore proof of notice was complete without the evidence of other prior accidents. Undoubtedly no necessity existed for such other evidence, but, at the same time, one character of evidence, bearing upon the question, could not be excluded, because another had been admitted which might prove the same thing, if not rebutted by the defendant. The same objection was made in the case of Tarbox v. State, ante, and the court held that “If evidence was admitted tending to establish a conspiracy, or to show guilty knowledge on the part of Tarbox, and of the falsity of the representations made by him, it is certainly no objection to its admission that such guilty knowledge might have been also proven by other facts and circumstances in the case.”
The judgment of the court below will be affirmed at the cost of the plaintiff in error.