Moore v. The City of Burlington.

## MOORE v. THE CITY OF BURLINGTON.

1. **Negligence:** EVIDENCE: DAMAGES. In an action against a municipal corporation for damages caused by defendant's negligence it is com-. petent to show that, while defendant had no actual knowledge of the negligent acts resulting in the injury complained of, it had nevertheless been guilty of the same acts on former occasions, creating the danger of injuries like those for which the action was instituted.

2. ———: ———: ———. Any fact is admissible in evidence, the existence of which called for the exercise of greater diligence on the part of the defendant to prevent the occurrence of an accident.

3. ———: MUNICIPAL CORPORATIONS. The facts that plaintiff was walking without a lantern along the street where he received his injury, and was walking rapidly, would not, as a matter of law, constitute negligence on his part.

*Appeal from Des Moines District Court.*

TUESDAY, JUNE 17.

ACTION to recover for personal injuries alleged to have been sustained through the negligence of the defendant in regard to one of its streets. The alleged negligence consisted in allowing lumber to be piled in a street called Valley street. The lumber was piled in the form of steps, and the accident was caused by the plaintiff's ascending the lumber under the supposition that he was ascending a flight of steps, and by falling from the top into a creek. The lumber was directly in his pathway as he was passing along the line of the street. The creek occupied a part of the street, and was not covered at the place where the plaintiff fell. The accident occurred upon a very dark night. Had not the lumber been piled there

Moore v. The City of Burlington.

the plaintiff would have been stopped by a barrier erected for that purpose, and been compelled to turn to the right and walk nearer the middle of the street, or to the left and walk upon the sidewalk. He had not for several rods been walking upon the sidewalk, but upon the plank covering of the creek. It would have been impossible for him to walk upon the sidewalk, because it was occupied by lumber. He might have walked in the middle of the street, but the plank covering of the creek afforded a suitable place for foot-passengers to walk, and took the place of a sidewalk. Lumber was piled also upon the right as well as left, which naturally served to confine a foot passenger to the walk formed by the plank covering of the creek, and to lead him directly to the barrier where, if he proceeded, he would necessarily make a detour to the right or left, or mount the barrier and fall into the creek. The plaintiff unfortunately did the latter. He was not a resident of the city, and is not shown to have been familiar with the street in question. Some other facts are stated in the opinion. Trial by jury; judgment for plaintiff for twenty-five hundred dollars. Defendant appeals.

*S. K. Tracy* and *T. Hedge, Jr.,* for appellant.

*Hall & Baldwin,* for appellee.

ADAMS, J.—I. Evidence was admitted, against the objection of the defendant, that lumbermen had been accustomed 1. NEGLIGENCE: from time to time to pile other lumber against the evidence: damages. barrier. It is insisted that the defendant is not liable for the piling of such lumber, for the reason that it neither caused the accident nor tended to show negligence in allowing the lumber to be piled which did cause the accident.

As to the lumber which caused the accident it is conceded that the defendant had no actual knowledge. The plaintiff relied upon showing that it would have had knowledge if it had exercised ordinary care. Whether it exercised such care could be determined only from the time the lumber had been

there, and other circumstances. The length of time necessary to charge the city with knowledge would be greater or less according to the other circumstances. The time, as shown, does not seem to have been very long. But if lumbermen had been accustomed to pile other lumber there during any considerable length of time, so as to create danger of an accident like the one which occurred, we think that the defendant should have been warned thereby, and greater diligence might properly have been required of it in seeing that the place was kept clear, or a higher barrier erected.

The defendant contends, however, that it is not shown that the other lumber was so piled as to have the appearance of being dangerous. But the evidence is that it had sometimes been piled in the form of steps, and the lumber in question being so piled resulted in an accident. We think, therefore, that the evidence as to the custom of lumbermen in piling lumber at that place was properly admitted.

II. The defendant assigns as error the admission of evidence as to the lumber piled on each side of the traveled foot-walk. It is said that the plaintiff had passed that lumber before the accident occurred, and that it could not have been the proximate cause of the accident.

As to the lumber on the left hand it may be said that it occupied the sidewalk, which is designed for foot passengers, and would in this case have been a place of safety if it could have been traveled. We think the court did not err in allowing the plaintiff to show why he departed from such place. The evidence as to the lumber on the right hand side is not as clearly material. But it cannot be denied that the tendency of that lumber was to direct foot passengers to the place of the barrier. It is not necessary, to be sure, for the plaintiff to show an excuse for not traveling nearer the middle of the street. But where the tide of travel is turned more especially into a particular place, that fact is sufficient to call for greater diligence in keeping it in a condition of safety, and the city

Moore v. The City of Burlington.

can the more readily be charged with notice of whatever makes it dangerous.

III. The defendant insists that the plaintiff was guilty of contributory negligence. In the first place it is said that the plaintiff was traveling without a lantern. But we cannot say, as a matter of law, that it is negligence to travel the streets of Burlington, or of any other city, without a lantern. Travelers are justified in assuming, in ordinary times, that the streets are safe.

3. ——: municipal corporation.

The evidence shows that the plaintiff was walking rapidly on account of a threatened thunder shower. It is insisted by the defendant that he was guilty of negligence in walking rapidly. It is quite possible that the plaintiff would not have mounted the lumber if he had been walking slowly. Possibly it would have made no difference. Steps in a sidewalk are not uncommon. A permanent barricade is exceedingly so. We can easily conceive of a night so dark that a stranger meeting the lumber placed in the form of steps directly across the sidewalk would not, even if walking slowly, solve the situation soon enough to avoid mounting the lumber and falling therefrom, under the supposition that the sidewalk was continued in that direction. We see nothing, then, in the speed with which the defendant was walking that would justify us in declaring, as a matter of law, that it was negligence.

IV. The defendant complains of the seventh instruction in that it holds that the city was responsible for obstructions in the streets by which one lawfully using them *might* be injured.

It is insisted that the true rule is that the city is bound to keep the streets clear from obstructions which to an ordinarily prudent person would seem likely to injure.

We are inclined to think that the instruction given is objectionable. We can conceive of obstructions which might under some circumstances produce injury, and of such a character that an injury could not reasonably have been apprehended. But the circumstances of the accident in question were not extraordinary. The plaintiff walked where

travelers were expected to walk, and with only such speed as they might be expected to use. It appears, to be sure, that the night was very dark, but very dark nights are occasionally to be expected.

If there was anything strange, it was the plaintiff's failure to discover that the lumber, piled as it was, was not steps in the sidewalk. If he should have discovered it, notwithstanding the darkness of the night, then he was guilty of contributory negligence. But the jury found that he was not. Now a trap in a sidewalk known to the city, which under ordinary circumstances catches a traveler, without fault on his part, must necessarily render the city liable. The fact of the accident is undisputed. The questions for the jury were as to whether the city had knowledge of the lumber, or should have had it, and as to whether the plaintiff was without negligence himself. Upon these questions the jury, under proper instructions, found for the plaintiff. This disposed of the question of the city's liability. Under such findings, and the undisputed facts of the case, the verdict could not properly have been different. The error, therefore, in the instruction, if any, was, we think, without prejudice.

V. It is contended that the verdict is excessive. As to the extent of the injury there is evidence tending to show that the plaintiff's ability to labor is greatly impaired, that his head is affected, that he is subject sometimes to great pain, and that the injury is a permanent one. We are unable to say that the verdict is excessive. We think that the judgment of the District Court must be

AFFIRMED.