The City of Delphi *v.* Lowery, Administratrix.

No. 7044.

## THE CITY OF DELPHI *v.* LOWERY, ADMINISTRATRIX.

NEGLIGENCE.—*Cities and Towns.—Evidence.—Destitution of Family.*—In an action against a city, by the representative of a person whose death is alleged to have been caused by the negligence of the defendant, evidence that the deceased left his family in a destitute condition is incompetent.

SAME.—*Streets.—Duty of Municipal Corporation.*—Where there is a dangerous place in or near the usually travelled part of a street of a city, the municipal authorities must use ordinary care to protect persons who make lawful use of such street, in a reasonably prudent manner, from injury; and such duty is not fully discharged by making the travelled part of the street safe, but such measures as ordinary prudence requires must be taken to prevent persons, using ordinary care, from falling into dangerous places along the sides, or in close proximity to the termination, of the streets of the municipality.

SAME.—*Evidence of Prior Injuries to other Persons.—Notice.—Corporation.*—For the purpose of showing that a municipal corporation had notice of a dangerous place within or near the limits of one of its streets, evidence that other persons had previously been injured there is competent.

SAME.—*City.—Common Council, Record of.—Evidence.*—A city corporation is represented by the common council, and the acts of that body, done in regular session, and within the scope of the powers conferred by law, are binding upon the corporation; and the record of such council, showing the report of a committee appointed by them, and the action taken thereon, is admissible in evidence against the municipal corporation.

SAME.—*Instructions.—Measure of Damages.*—Where facts are allowed to go in evidence, which furnish an incorrect basis for the assessment of damages, an instruction which directs the jury to determine from "all the facts" the amount of recovery is erroneous. The jury are not to determine the amount of recovery from all the facts, but only from such facts as form proper elements for consideration in computing damages; and where facts are given in evidence which ought not to be considered in estimating damages, the instructions of the court should inform the jury what facts should be considered by them in making their estimate, and not leave it to them to take into account facts which have no legitimate bearing upon that branch of the case.

SAME.—*Discretion of Jury.—Damages.*—A jury has a very broad discretion upon the subject of damages, but it is to be exercised upon proper facts; and improper elements influencing, not the judgment, but the passions or prejudices, should not form any part of the elements out of which the judgment of the jurors is to be constructed.

PRACTICE.—*Bill of Exceptions.—Evidence.*—The grounds of objections to the admissibility of evidence must be specifically stated to the trial court, and the bill of exceptions must exhibit them as stated, to present the question in the Supreme Court.

From the Carroll Circuit Court.

*C. R. Pollard, L. E. McReynolds, J. R. Coffroth* and *C. B. Stuart*, for appellant.

*J. Applegate* and *N. O. Ross*, for appellee.

ELLIOTT, J.—The questions, which the record of this case presents, arise upon the ruling denying appellant's motion for a new trial.

William A. Lowery, the appellee's intestate, lost his life by drowning in the Wabash and Erie canal, at a point within, or near, the corporate limits of the city of Delphi. There was evidence tending to prove that the intestate's death was attributable to the negligence of the appellant in failing to place barricades about the dangerous place, or to guard it by signals or warnings of danger. There was also evidence tending to show that it was the duty of the city to properly protect passengers from danger, inasmuch as one of the public streets of the city either ran up to and across the dangergerous place or terminated in very close and direct proximity to that point.

The appellee was permitted to prove, over the objection of the appellant, that the intestate left his family in a destitute condition. This evidence was incompetent. *Chicago, etc., R. W. Co.* v. *Bayfield*, 37 Mich. 205 ; *Pittsburg, etc., R. W. Co.* v. *Powers*, 74 Ill. 341 ; *The City of Chicago* v. *O'Brennan*, 65 Ill. 160 ; *Sherlock* v. *Alling*, 44 Ind. 184 ; *Pennsylvania R. R. Co.* v. *Books*, 57 Pa. St. 339 ; *Illinois, etc., R. R. Co.* v. *Baches*, 55 Ill. 379 ; *Shea* v. *Potrero, etc., R. R. Co.*, 44 Cal. 414. The appellee, however, insists that the objection to the admission of this evidence was not properly made, and that there is no question saved. The position of the appellee is, that, as the appellant stated no specific objections to the evidence, his exception was fruitless. The bill of exceptions contains this statement : "At the proper time, the said defendant, before the trial began, moved the court to

suppress certain questions in the depositions of witnesses,"
who are named, and the questions and answers designated;
and the bill then proceeds: "And the defendant then and
there pointed out the reasons to the court for said motion."
We think this is not a sufficient statement of the grounds of
objection. In the case of *Russell* v. *Branham*, 8 Blackf. 277,
it was said: "We are not informed, by the record, what the
particular objection was, and we can not, therefore, notice it.
The defendants should have informed the circuit court of
the ground of their objection, and when their motion was
overruled, they should have taken care to have had such
ground of objection made a part of the record. *Camden* v.
*Doremus*, 3 How. 515." This doctrine has, by a long and
unwavering line of decisions, been ingrained into our system
of procedure as one of its fundamental principles. The party
must state specifically his grounds of objection, and the bill
of exceptions must exhibit them as stated. Unless this rule
is adhered to, we would often have cases where one ground
of objection was stated in the court below, and another and
a different one urged upon appeal.

The appellee was permitted to prove that no barricades or
warnings of danger were placed about the point where the
public street of the city intersected or approached the canal.
We think there was no error in this. There was some evi-
dence tending to show that the place where the deceased
was drowned was within the corporate limits, and that the
street ran to the canal at the point where he attempted to
cross. Conceding, however, that this was not so, it cer-
tainly was shown that the street of the city, as usually trav-
elled, approached very near the canal, and that the appear-
ances were such as would have indicated to a man of ordi-
nary prudence, that it was the usual crossing place. If there
is a dangerous place in or near the usually travelled part of
the highway, the municipal authorities must use ordinary
care to protect persons who make lawful use of the street,

in a reasonably prudent manner, from injury. The duty resting upon the municipality is not fully discharged by making the travelled part of the highway safe, but such measures as ordinary prudence requires must be taken to prevent persons, using ordinary care, from falling into dangerous places along the sides, or in close proximity to the termination, of the highway of the municipality. *Alger* v. *City of Lowell*, 3 Allen, 402 ; *Murphy* v. *Gloucester*, 105 Mass. 470 ; *Davis* v. *Hill*, 41 N. H. 329 ; *Palmer* v. *Andover*, 2 Cush. 600 ; *Niblett* v. *The Mayor*, etc., 12 Heisk. Tenn. 684 ; *Hey* v. *Philadelphia*, 81 Pa. St. 44 ; *Higert* v. *The City of Greencastle*, 43 Ind. 574.

Evidence was given by the appellee, that other persons had received injuries at the place where the deceased was drowned, at times anterior to his death. This the appellant contends, with vigor and ability, was erroneous. There is some conflict in the authorities. In *Collins* v. *The Inhabitants of Dorchester*, 6 Cush. 396, such evidence was declared incompetent. It was said to be "Testimony concerning collateral facts, which furnished no legal presumption as to the principal facts in dispute, and which the defendants were not bound to be prepared to meet." In support of the conclusion of the court, the following authorities were cited : *Standish* v. *Washburn*, 21 Pick. 237 ; 2 Stark. Ev. 381 ; 1 Greenl. Ev., secs. 52, 448. The cases of *Aldrich* v. *Pelham*, 1 Gray, 510 ; *Kidder* v. *Dunstable*, 11 Gray, 342 ; *Blair* v. *Pelham*, 118 Mass. 420, assert substantially the same doctrine as *Collins* v. *Dorchester*, *supra*.

In *Darling* v. *Westmoreland*, 52 N. H. 401, the doctrine of *Collins* v. *Dorchester* is vigorously assailed in an unusually able and elaborate opinion, and the opposite doctrine declared to be correct, both upon reason and authority. In the recent case of *Moore* v. *The City of Burlington*, 49 Iowa, 136, the court adopted in effect, although not expressly, the rule declared in the New Hampshire case. The

Supreme Court of Illinois declared, in the case of *The City of Chicago* v. *Powers*, 42 Ill. 169, that such evidence was competent. It was said in that case : "It is insisted that the court erred in admitting evidence that another person had fallen through the same bridge. If this evidence was admissible for any purpose then it was not error. The action was based upon the negligence of the city in failing to keep the bridge properly lighted. If another person had met with a similar fate, at the same place, and from a like cause, it would tend to show a knowledge on the part of the city, that there was inattention on the part of their agents having charge of the bridge, and that they had failed to provide further means for the protection of persons crossing on the bridge. As it tended to prove this fact, it was admissible ; and, if appellants had desired to guard against its improper application by the jury, they should have asked an instruction limiting it to its legitimate purpose." In *Kent* v. *The Town of Lincoln*, 32 Vt. 591, it was held competent to prove that other persons than the complainant had, at previous times, been injured by the same defect in a highway. A similar ruling was made in the case of *Quinlan* v. *The City of Utica*, 11 Hun, 217. This case was affirmed without comment by the Court of Appeals, 74 N. Y. 603. In *City of Augusta* v. *Hafers*, 61 Ga. 48, S. C. 34 Am. R. 95, the doctrine maintained by the cases cited was declared and enforced. The Supreme Court of the United States, in *The Grand Trunk R. R. Co.* v. *Richardson*, 91 U. S. 454, held that it was competent for the plaintiff, in an action for injury resulting from fire communicated by the locomotives of a railway company, to prove that, during the summer preceding the burning of plaintiff's property, fire was often scattered from the locomotives of the defendant when passing plaintiff's property. In *Hoyt* v. *Jeffers*, 30 Mich. 181, it was held proper to prove that sparks had, at other times than that on which the injury sued for occurred, been emitted from a

chimney. The doctrine of the cases cited is supported by many adjudged cases, among them : *Aldridge* v. *The Great Western R. W. Co.*, 3 M. & G. 515; *Huyet* v. *Philadelphia*, etc., *R. R. Co.*, 23 Pa. St. 373 ; *St. Joseph, etc., R. R. Co.* v. *Chase*, 11 Kan. 47 ; *Longabaugh* v. *The Virginia City, etc., R. R. Co.*, 9 Nev. 271 ; *Pennsylvania R. R. Co.* v. *Stranahan*, 79 Pa. St. 405 ; *Annapolis, etc., R. R. Co.*, v *Gantt*, 39 Md. 115 ; *Dougan* v. *Champlain, etc., Co.*, 56 N. Y. 1 ; *Field* v. *The New York, etc., R. R. Co.*, 32 N. Y. 339.

This court has adopted and enforced this doctrine    In the case of *The Pittsburgh, etc., R. W. Co.* v. *Ruby*, 38 Ind. 294, this question was exhaustively discussed, and the point expressly ruled.    It was there held that evidence of specific facts was competent for the purpose of charging the corporation with notice.    We are unable to perceive any difference in principle between the case in hand and the class of cases of which those last cited are types.    If specific acts are proper for the purpose of showing notice to the owners of machinery or the employers of servants, it must be competent for the purpose of showing notice to a municipal corporation, that there is a dangerous place within or very near the limits of the highway.    The cases directly ruling the point here under immediate mention outweigh the cases in Massachusetts, for the latter are all built upon a single and not very carefully considered case.    The doctrine of the cases in that court can not be reconciled with the doctrine of the class of cases represented by *The Pittsburgh, etc., R. W. Co.* v. *Ruby*.    This last doctrine has been recognized as sound by the Supreme Court of Massachusetts, and that court, able and distinguished as it confessedly is, has, it seems to us, thus sanctioned a doctrine inconsistent with that of *Collins* v. *Dorchester*.  *Gahagan* v. *Boston, etc., R. R. Co.*, 1 Allen, 187 ; *Ross* v. *Boston, etc., R. R. Co.*, 6 Allen, 87. It also seems to us that the doctrine of *Collins* v. *Dorchester* can not be harmonized with *Crosby* v. *Boston*, 118 Mass. 71,

The City of Delphi v. Lowery, Administratrix.

but we deem it unnecessary to prolong this opinion by a discussion of the conflict between these two cases.

There was no error in permitting the appellee to read in evidence the record of the common council showing the report of a committee appointed by that body, and the action taken thereon.

We are aware that this point has been differently ruled by the Supreme Court of Massachusetts in *Dudley* v. *The Inhabitants, etc.*, 1 Metcalf, 477, and *Collins* v. *Dorchester, supra.* The municipal corporation is represented by the common council, and the acts of that body done in regular session, and within the scope of the powers conferred by the charter, are binding upon the corporation. Corporations can act only by agents, and certainly the authorized acts of the highest class of corporate agents in the discharge of the duties of their agency are competent against the principal. We are at a loss to imagine a higher degree of evidence than that supplied by the official acts of the common councilmen, performed in regular session of the municipal legislature. The Massachusetts rule is unsound upon principle, and is opposed by the very decided weight of authority. *Requa* v. *The City of Rochester*, 45 N. Y. 129, on p. 137; *The City of Chicago* v. *Powers, supra; Thornton* v. *Campton*, 18 N. H. 20; *Monaghan* v. *The School District, etc.*, 38 Wis. 101; *Erd* v. *City of St. Paul*, 22 Minn. 443.

In criticising instructions given by the court, counsel say that many of them are erroneous for the reason that they assume the existence of disputed facts, and the particular parts of the instructions complained of are specifically pointed out. We have examined the instructions, and are unable to agree with appellant's counsel upon this point. The discussion of the rulings upon the evidence disposes for the most part of all the questions arising upon the instructions except the questions presented by the instructions upon the subject of damages to be awarded in case of re-

The City of Delphi *v.* Lowery, Administratrix.

covery. The fifth instruction given by the court is as follows: "If you find for the plaintiff, in assessing her damages, you may take into consideration the age of the deceased, his habits and occupation, and from all the facts determine what amount the plaintiff should recover, not exceeding five thousand dollars." This instruction, as applied to the facts which the court permitted the appellee to prove, was erroneous.

Where, as here, facts are allowed to go in evidence, which furnish an incorrect basis for the assessment of damages, an instruction which directs the jury to determine from "*all the facts*" the amount of recovery is erroneous. The jury are not to determine the amount of recovery from all the facts, but only from such facts as form proper elements for consideration in computing damages. Where there are facts given in evidence, which would, if considered by the jury in determining the amount of damages, necessarily lead to an incorrect assessment, it is wrong to instruct the jury that it is their duty to consider "all the facts." In the present case, evidence was allowed to go to the jury of the destitute condition of the family of appellee's intestate, and the instruction directed the jury to consider "all the facts," and, of course, the direction embraced this among other facts. The evidence of this fact was unquestionably emphasized by its going to the jury over the objection of the appellant. In directing the jury to consider "all the facts," they were required to consider the fact that the appellee's intestate left his family in poverty and want, and this was an element which ought not to have entered into the consideration of the jury. If the intestate had died the richest of men, it could not have decreased the damages, and, if he had died the poorest, it could not have enhanced them. There are not two measures, one for the kinsmen of the poor, and one for the kinsmen of the rich; there is one standard only, and that is for all, the rich and the poor alike.

There are, in almost every case, facts which are proper for consideration upon some of the controverted questions,. but which are not proper upon the question of the measure of damages. Excluding from consideration the clearly incompetent fact that the family of the deceased were in destitute circumstances, there are other facts which ought not to have been considered in estimating the amount of recovery ;· notably so the fact that others had been injured at the place where the deceased met his death. This evidence, although competent upon the question of notice, was not an element for consideration in the admeasurement of damages, yet was embraced within the wide-sweeping language of the court. An ordinary juror, deeming himself authorized to consider the fact that others had received injuries from the same cause, would be very likely to allow damages as a punishment. The fact that the negligence of the municipal authorities had entailed suffering upon others would inflame the passions and bias the judgments of the jurors. Where there are facts given in evidence which ought not to be considered. in estimating damages, the instructions of the court should inform the jury what facts should be considered by them in making their estimate, and not leave it to them to take into account facts which have no legitimate bearing upon that branch of the case. *Chicago, etc., R. R. Co.* v. *Becker,* 76 Ill. 25 ; *Steel* v. *Kurtz,* 28 Ohio St. 191 ; *Blake* v. *The Midland R. W. Co.,* 10 Eng. L. & Eq. 437 ; *Telfer* v. *The Northern R. R. Co.,* 30 N. J. L. 188.

The jury have, to be sure, a very broad discretion upon the subject of damages. *The City of Indianapolis* v. *Scott,* 72 Ind. 196 ; *The Indianapolis, etc., R. R. Co.* v. *Stout,* 53 Ind. 143. Broad as this discretion is, it is to be exercised upon proper facts. Improper elements, influencing not the judgment, but the passions or prejudices, should not form any part of the elements, out of which the judgment of the jurors is to be constructed. When the facts proper for considera--

tion are submitted by the court, the question of the amount of damages is one for the sound judgment of the jury. Where, however, the facts submitted are such as form an erroneous foundation for the minds of the jurors to build conclusions on, there can, in all probability, be no just result, even though the jurors build never so wisely.

For the error committed in giving this instruction, the judgment is reversed at the costs of appellee.

Petition for a rehearing overruled.