Minshai/r, J.
The action below was by an employe of the defendant to recover damages for a personal injury caused, as claimed, by the negligence of the defendant in furnishing an unsafe appliance with which to do the work in which he was employed. The averments are, in substance, that while operating, by the direction of the superintendent of the company, a lift, used for the purpose of elevating barrels and similar packages from a lower to an npper floor, he was injured, without fault on his part, by one of these packages falling back upon him; and that it resulted from the negligent and defective construction of the appliance, of which the defendant had notice, but of which he had no knowledge, and could not have had, in the exercise of ordinary care on his part. Issues were joined upon the averments of the petition as to the defective character of the lift, the negligence of the defendant, and the averments that it happened without fault on the part of the plaintiff. It appeared that the lift or elevator consisted of a broad, heavy, rubber belt, with certain lateral supports and guides of timber, running nearly perpendicular against a board the full width of the belt, and over a pulley just above the upper floor, and around another just below the wash room floor. To the face of this band were attached two sets of iron hooks, or arms, which, as the band revolved, *563 caught the barrels on the under side and carried them up through an opening in the floor; and as they turned on the upper pulley the barrels fell away by their own weight to the floor above and left the hooks free to contiuue their downward movement. The barrels to be elevated were placed upon a skid raised above the lower floor and inclined towards this revolving band, and the man tending the elevator, rolled them, one at a time, against the band, ready for the hooks coming around and upward from the lower pulley to carry them over the pully above; and as one barrel was freeing itself from the hooks above, the other set of hooks were about ready to receive the next barrel. While the plaintiff was engaged in so placing the barrels ready to be taken up by the hooks, one of them, a half-barrel, after being carried part way up, fell from the hooks, and striking his hand,- then resting on the barrel next to go up, caused the injury complained of.
It was claimed that these hooks or arms were too short, and that in any irregular motion of the' belt, the barrel or package being lifted, would drop out and fall back; and that this was not an infrequent occurrence, when, as sometimes happened, the belt became too loose.
During the progress of the trial a witness was called by the plaintiff, and stated, in answer to a, question, that sometime before, he had been employed by the defendant to do' the same work, and that while so employed, a barrel fell back and injured him. The counsel for the plaintiff stated that this was offered for the sole purpose of showing the dangerous character of the machine, and the defendant’s knowledge of that fact, and for no other purpose. The court then stated that it would be received for these purposes, and no other; and so instructed the jury at the time. Similar evidence as to the falling back of barrels while the lift was being operated, was given by other witnesses, to which the defendant excepted at the time.
The jury rendered a verdict in favor of the plaintiff, on which the court, after overruling a motion for a new trial, rendered judgment. The judgment having been affirmed by *564 the circuit court, this proceeding is prosecuted to obtain a reversal of both judgments so rendered.
The only question in the case is, as to the admissibility of the evidence offered to show that on former occasions, when the elevator was being operated, barrels and packages fell back and injured the person operating it, as in this case.
It is claimed to be incompetent on the ground that it raises collateral issues, tending to mislead the jury and to surprise the opposite party, by the introduction of evidence for which he could not have been prepared by the nature of the issue. The rule relied on is thus stated by Greenleaf: “ The evidence offered must correspond with the allegations, and be confined to the point in issue.” Greenleaf on Evidence, §51. And he adds, in the following section, “This rule excludes all evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal matter or fact in dispute.”
The authorities on the question are conflicting. The courts of Massachusetts and some of the other states, hold that such evidence is not within the issue, but collateral to it, and should be rejected. Collins v. Dorchester, 6 Cush., 396; Aldrich v. Pelham, 1 Gray, 510; Phillips v. Town of Willow, 70 Wis., 6. But reason and the weight of authority are the other way. The rule, as stated by Greenleaf, excludes only those facts, “which are incapable of affording any reasonable presumption or inference as to the principal matter or fact in dispute.” So that a fact cannot be said to be collateral to the issue, if, when established, it tends to prove or disprove the principal fact in dispute. In this case a number of principal facts were in dispute; among these were, the defectiveness of the machine, and the defendant’s knowledge of that fact, as well as his negligence in the premises. If the evidence objected to, tended to prove either of these facts, there was no error in its admission. There is no rule of evidence which requires that what is offered should be relevant to every issue in the case; it may be relevant to one, and irrelevant to another. No party can, as a rule, prove his case uno flatu. He is compelled, in the nature of things, to proceed step by step. And *565 it not infrequently happens, that what is competent for one purpose is not for another. The mixed character of the evidence does not, however, render it wholly incompetent. The evidence in such case is admitted with a direction from the court to the jury as to how it is to be applied—on what issues it is to be considered, and on what, not; as was done in this case.
On reason it seems plain that evidence as to how this lift or elevator behaved on former occasions—that, at other times when being operated by other persons, barrels being lifted, had fallen and injured those operating it, or had simply fallen back, the conditions remaining substantially the same, tended to prove some vice in its construction that rendered its operation dangerous, and that the company knew or should have known the fact. Inspection itself may indicate some defect in a machine, affecting its safety or usefulness; but as is most usually the case, its defective character, whatever it may be, is more clearly observed in its operation. Experiment is the final and most conclusive test of its safety as well as of its usefulness; and the fact, that the carefulness of the party operating the machine may be involved in each instance, may affect the weight of the evidence, but not its admissibility, as such a limitation would exclude the result of every experiment offered in evidence; which would amount to a reductio absurdum. The defectiveness of the lift and the company’s knowledge of it, would not, however, alone constitute actionable negligence. The character of the machine and the employer’s knowledge, being established, it still remains a question of fact, whether under all the circumstances, a case of actionable negligence has been made out. That which caused the danger may have been irremediable, and it is no violation of duty by an employer to put one in his employ at the operation of a dangerous machine, if the employe is fully informed as to its character, and voluntarily accepts the employment. Wherever force is applied to machinery there is more or less danger to those operating it; so that the duty of the employer toward his employe is not to furnish a perfectly safe machine, but one as safe as can be provided in the exercise of ordinary care *566 and prudence. Whether the employer is negligent in this regard does not depend solely upon the fact that the machine is known by him to be a dangerous appliance, but whether, with such knowledge, he neglected to do what a person of ordinal care could and would have done under such circumstances. It was, however, incumbent on the plaintiff, in making out his case, to show the dangerous character of the machine and the company’s knowledge, as well as its negligence; and, while the evidence was not competent to prove negligence, it did tend, as we have shown, to prove the other facts, and was, therefore, admissible. As said by the judge delivering the opinion in Darling v. Westmoreland 52 N. H., 403: “The evidence to prove several independent propositions or distinct facts may be of different kinds, and drawn from different sources.” If evidence offered be relevant to any issue in the case, it is admissible, however incompetent it may be upon other issues. Commenting on the rule that confines the evidence to facts put in issue by the pleadings and excludes collateral issues, Doe, J., in the case just cited, says: “ This rule merely requires the evidence to be relevant. It merely excludes what is irrelevant. It is a rule of reason, and not an arbitrary or technical one, and it does not exclude all experimental knowledge.” And it was there held, that, on the question whether a pile of lumber was likely to frighten horses, evidence is admissible to show that horses passing it were or were not frightened by it.
In McCarragher v. Rogers, 120 N. Y., 526, an action to recover damages for an injury sustained by the plaintiff while working at a machine in the employ of the defendant, a person who had previously been injured while working the machine in the capacity of the plaintiff was asked, “How did the injury occur to you,” and he answered, “It jumped out of the socket in the same way;” the evidence was held to be relevant and competent as bearing upon the question of the condition of the machinery. And the court said, that, while the decisions are not in entire harmony on the question, such is the rule recognized in that state. And so in Morse v. Railway Co., 30 Min., 465, 471, which was an *567 action by an employe of defendant to recover for an injury caused by its negligence in permitting its tracks to be and remain out of order, such evidence was held competent. The court said: “It is, of course, not competent for the purpose of showing independent acts of negligence, but we think on principle it is clearly admissible when it tends to show that the dommon cause of these accidents is a dangerous -or unsafe thing. It would be certainly competent to prove by an expert that, at a time either before or after the accident when the instrument claimed to have caused it was in the same condition as when the accident complained of occurred, he examined and experimented with it, and found it capable •of producing like results. Hence there seems no reason for excluding ordinary experience, when confined within the same limits and for the samé purpose. These facts are in the nature of experiments to show the actual condition of the instrument. Upon any issue as to the condition or safety of any work of human construction designed for practical use, evidence showing how it has served, when put to the use for which it was designed, would seem to bear directly upon the issue. It is sometimes objected that this presents new and collateral issues of which a defendant has no notice. In a certain sense every item of evidence material to the main issue introduces a new issue; that is, it calls for a reply. In no other sense does it make a new issue; its only importance is that it bears on the main issue, and, if it does, it is -competent.” We have quoted thus fully from the opinion in this case, because it seems to set forth clearly and fully the reasons for the admission of such -evidence, and to answer every objection that can be made.
The reasoning on the Massachusetts cases, cited above, and relied on by the plaintiff in error, has generally been regarded as unsound; and, for this reason, the decisions have not generally been followed as precedents.by the courts of the other states. Osburn v. City of Detroit, 18 Am. & Eng. Corp. Cases, 231, where it is said, referring to the Massachusetts cases, the weight of authority is decidedly the other way; City of Chicago v. Powers, 42 Ill., 169, 173; Moore v. The City of Burlington, 49 Iowa, 136; Walker v. *568 Westfield, 39 Vt., 246, 251; it is here said that," A fact, that illustrates, as by an experiment the condition of the subject matter of the issue in controversy, is not collateral to the issue, but is direct evidence bearing upon it.” City of Aurora v. Brown, 12 Ill. App., 122; Darling v. Westmoreland, 52 N. H., 401; here the Massachusetts cases are considered and declared unsound. Delphi v. Lowery, 74 Ind., 520, contains an elaborate review of the cases. Cook v. New Durham, 20 Am. & Eng. Corp. cases, 386; Kent v. Town of Lincoln, 32 Vt., 591; Piggot v. Railway Company, 3 C. B., 228.
As the evidence objected to tended to prove that the lift had in it a vice, making it dangerous to operate, and that the company had notice of this from its previous behavior, there was no error in admitting the evidence, with a direction to the jury that it was to be confined to these purposes, and could not be considered on the question of the defendant’s negligence in the premises.

Judgment affirmed.

Spear and Burkett, J.J., dissent from the judgment of affirmance.