### DAVIS v. UNITED STATES NATIONAL BANK OF INDIANA HARBOR AT EAST CHICAGO, ADMINISTRATOR.

[No. 14,549. Filed June 28, 1933. Rehearing denied September 28, 1933. Transfer denied May 1, 1934.]

*Allen P. Twyman, Joseph A. Meade,* and *Casil H. Friedman,* for appellant.

*Hugh E. Carroll* and *Paul F. Rountree,* for appellee.

CURTIS, J.—This was an action brought by the appellee as administrator of the estate of John Barrett, deceased, for the use and benefit of his widow and children, against the appellant for the alleged wrongful death of the deceased caused by his being struck by the automobile owned and driven by the said appellant. The complaint was in one paragraph to which the appellant filed a general denial. Upon the issues thus formed the cause was tried before a jury who returned a general verdict for $5,000.00 against the appellant, upon which a judgment was entered for that amount. Along with the general verdict the jury answered certain interrogatories submitted to them which will hereinafter be considered.

A motion for a new trial was filed timely and over-
ruled with an exception to the appellant, and this appeal
prayed, granted, and perfected. The ruling of
the court upon the motion for a new trial is the
only error assigned. The motion contains eight
causes or grounds but the appellant under his proposi-
tions, points, and authorities in his brief discusses only
certain of said causes and the others are therefore
waived. The causes presented are: (1) The verdict
of the jury is not sustained by sufficient evidence; (2)
the verdict is contrary to law; (3) excessive damages.

Under these three causes the appellant contends that
the appellee is not entitled to recover because the evi-
dence, as it asserts, shows that the decedent was guilty
of negligence contributing to his death, thus barring a
recovery. It is also contended that there is not suf-
ficient evidence of pecuniary loss to sustain a verdict of
five thousand dollars ($5,000.00) and that the amount
of the verdict shows it to be the result of passion and
prejudice of the jury and therefore excessive, and that
it is not sustained by sufficient evidence and contrary to
law. Each of these assignments requires a considera-
tion of the evidence. Some of the evidence is in dispute
but it is not the province of this court to weigh con-
flicting testimony. There was competent testimony at
the trial from which the jury could reasonably have
concluded that the following facts, among others, were
established: That Forsythe Avenue is a public high-
way in the City of East Chicago, Lake County, Indiana,
running in a north and south direction. The street is
sixty or seventy feet in width. Each side is paved with
a strip of concrete fifteen feet wide. Street car tracks
occupy the middle of the street. The east rail of the
car tracks is some seventeen or eighteen feet from the
curb. The space between the rails is paved with
macadam, and there is macadam on either side of the

tracks extending to the concrete pavement. At the time and place of the accident involved, snow and ice extended three feet from the curb into the road. The center of the road had been swept clear and was dry. The appellant, for several years prior to the accident, suffered a physical impairment, walking sometimes with two canes and sometimes with one. About 7:45 in the evening of February 13, 1930, appellee's decedent, John Barrett, started to walk across Forsythe Avenue at the intersection of 143rd Street; going from the west toward the east side of Forsythe along the south side of 143rd Street. The intersection is in the closely built up section of East Chicago. Appellant at the same time drove his DeSoto Sedan automobile, north on Forsythe Avenue at a speed of 40 to 55 miles an hour. The witness Lewis Faust testified that appellant's car passed him 500 feet south of the scene of the accident when witness was traveling 20 to 25 miles an hour; that he saw appellant's car skid going over the curb into the lot; that when he first saw appellant's car start to skid appellant's car was 250 to 300 feet ahead of witness who was then traveling 20 to 25 miles per hour. Three witnesses who were within 250 feet of appellant's car testified they heard no signal or sound of warning. Appellant's car struck Mr. Barrett while he was standing in Forsythe Avenue on the east rail of the car tracks 16 or 17 feet from the curb line toward the center of Forsythe Avenue, with such force as to hurl his body 40 feet clear across 143rd Street. When picked up, both of Mr. Barrett's legs and his arm were broken, his chest crushed, his skull fractured, and he was dead. After the impact, appellant's car took a northeasterly course and ended in a lot near Belzeski's house going across 143rd Street, over a concrete curbing, across a ten foot parkway, a four and one-half or five foot sidewalk, knocking down a three inch steel angle post and

across a vacant lot, 40 to 50 feet wide. Two witnesses saw appellant get out of his car after it came to rest in the vacant lot. Appellant told the witness Police Sergeant Shilling, at the scene of the accident, that he did not see Mr. Barrett until appellant's car hit him. John Barrett left surviving him his widow, Mary Barrett, and four sons. No claim of pecuniary loss was made in behalf of two of the sons, John and James. Mr. Barrett was not living with his wife at the time of his death, but maintained a home for his sons, Bill and Clem in an apartment for which decedent paid $50.00 per month rent. Decedent personally did the housekeeping in the home and cooked the meals. There was no contractual obligation on the part of decedent to perform such services for his sons and he received no compensation from them. The sons for whom decedent maintained a home are tank builders, working on numerous jobs for various construction companies. Their jobs took them all over the country, each job lasting from a week to several months. Each new job might be for a different company or a different foreman. Sometimes the office of the particular company, and sometimes the foremen, hired them, by mail or phone to decedent's address. If the sons were not home, decedent would establish communication with them. Grover Tarzen, a witness offered by appellant, testified that decedent, in a conversation about a year before his death, told witness he was living apart from his wife, but that decedent took care of her property with his own money and that he had spent some money on her property and repaired it. Decedent was active, healthy, and worked every day. He earned $1,275.00 to $1,680.00 per year, was 68 years old and had an expectancy of $9\frac{1}{2}$ to $10\frac{1}{4}$ years.

The interrogatories submitted to and answered by the jury, together with said answers, are as follows:

"Interrogatory No. 1

Q. If you find from the evidence that the plaintiff's decedent left surviving him a widow, do you find that at the time of his death said widow was dependent upon said decedent?

A. No evidence.

Interrogatory No. 2

Q. Do you find from the evidence that the next of kin of the decedent suffered any pecuniary loss?

A. Yes.

Interrogatory No. 3

Q. If you answer Interrogatory No. 2 in the affirmative, what is the nature of such loss?

A. Services rendered."

The question of contributory negligence in a vast majority of cases is one of fact for the jury to decide under the evidence. See *Cleveland, Cincinnati, Chicago and St. Louis Railway Company* v. *Baker* (1921), 190 Ind. 633, 128 N. E. 836; *Craig et al.* v. *Zent* (1912), 52 Ind. App. 19, 100 N. E. 94. In the instant case the jury, by its general verdict, has decided the question as to contributory negligence of the decedent adversely to the appellant. If there is any competent evidence or legitimate inferences that may be drawn from such evidence to sustain the verdict of the jury then this court will not disturb the verdict. We have carefully examined the evidence relating to the conduct of the decedent and are of the opinion that the question of his contributory negligence was one of fact for the jury and that we cannot say as a matter of law that he was guilty of contributory negligence. We also think that there was ample evidence of the negligence of the appellant as charged in the complaint. The verdict of the jury is sustained by sufficient evidence and is not contrary to law, and unless it may be said that it is excessive the appellant must fail.

The law implies substantial pecuniary loss in some amount, depending upon the evidence, to the widow and children by the death of the husband and father, and this is especially true where the decedent is gainfully employed at the time of his death. *Duzan* v. *Myers* (1902), 30 Ind. App. 227, 65 N. E. 1046; *Louisville, New Albany and Chicago Railway Company* v. *Buck, Administrator* (1888), 116 Ind. 566, 19 N. E. 453. Without entering into a discussion of the various elements of damage that may enter into and make up the pecuniary loss properly assessable by the jury in the instant case, to the widow and children of the decedent, it is sufficient to say that dependency is by no means the only element. These various elements of damage are discussed in the following cases: *Hunt, Receiver* v. *Conner, Administrator* (1900), 26 Ind. App. 41, 59 N. E. 50; *City of Elwood* v. *Addison* (1900), 26 Ind. App. 28, 59 N. E. 47; *Valparaiso Lighting Company* v. *Tyler* (1911), 177 Ind. 278, 96 N. E. 768; *Henry, Receiver* v. *Prendergast, Administrator* (1912), 51 Ind. App. 43, 94 N. E. 1015; *Hines, Director General of Railroads* v. *Nichols* (1921), 76 Ind. App. 445, 130 N. E. 140; *City of Delphi* v. *Lowery, Admx.* (1881), 74 Ind. 520. See also the many cases cited in the above decisions.

We have had the benefit of able briefs on both sides in the matters presented in this appeal and have read the numerous authorities cited therein. It is our conclusion that there is sufficient evidence to sustain the verdict, that the verdict is not contrary to law, and that the amount thereof—$5,000.00— is not such as to impress us that the jury acted from prejudice, sympathy, or partiality, or was misled as to the correct measure of damages. We have found no reversible error.

The judgment is affirmed.