**Amelia A. CULBERTSON, Administratrix of the estate of Ralph E. Culbertson, deceased, Plaintiff,**

**v.**

**Robert R. HAYNES, George (N.) Toms, Midwest Transfer Company, Emery Transportation Company, Defendants.**

**Civ. No. 707.**

United States District Court,
N. D. Indiana, Fort Wayne Division.

Feb. 4, 1955.

838

Gates & Gates, Columbia City, Ind., for plaintiff.

Haynie, Logan & Van Ornam, James F. Dumas, Fort Wayne, Ind., R. L. Benjamin, Chicago, Ill., for defendants.

PARKINSON, District Judge.

This is an action in damages for the alleged wrongful death of the plaintiff's decedent wherein the defendant, Robert R. Haynes, filed a cross-complaint against the other defendants in damages for alleged personal injuries.

The cause was tried to a jury resulting in a verdict for the plaintiff in the sum of $15,000 and that the cross-complainant take nothing by reason of his cross-complaint.

Following the return of the verdict, the defendants, George (N.) Toms and Emery Transportation Company, filed a motion for judgment notwithstanding the verdict in accordance with the movants' motion for a directed verdict at the close of all of the evidence, and, in the alternative, a motion for a new trial assigning 12 grounds therefor. It is the question thereby raised which now solicits the decision of this Court.

The collisions out of which this action arose occurred in Whitley County, Indiana, and we must bear in mind that

it is, therefore, the law of Indiana which applies herein.

The first 4 specifications of the motion raise the question of the insufficiency of the evidence to sustain the verdict. The Court followed the evidence very closely as it was introduced and has reconsidered and weighed it subsequent to the filing of the motions by the defendants, George (N.) Toms and Emery Transportation Company, and, without detailing it in this opinion, is convinced that, as to the liability of the defendants, the verdict is not only supported by substantial evidence but is sustained by a preponderance thereof.

As to specification 5, the jury were the judges of the credibility of the witnesses. They believed the testimony of the witnesses that the death of plaintiff's decedent was proximately caused by the negligence of the defendants. In a review of the evidence by this Court we can conceive of no reason why the jury was not completely justified in doing what they did and no cause has been shown to this Court for deciding otherwise.

We have already held that the verdict of the jury is founded upon substantial evidence and was not, therefore, the result of speculation, guess and conjecture. Specification 6 is accordingly without merit.

Specification 7 is that "The verdict of the jury is against the law". A review of the entire record in this cause will clearly indicate that the jury decided correctly according to the law applicable to the facts; that the verdict of the jury is sustained by a preponderance of the evidence, and that the verdict was not improperly affected by any error of law occurring at the trial. The verdict, therefore, is not against the law, and instead of the verdict being against the manifest weight of the evidence, as contended in specification 8, it is to the contrary, and is supported by a preponderance of the evidence.

Specification 9 is grounded upon the alleged failure of the plaintiff to produce any evidence showing the earning capacity of plaintiff's decedent or any evidence showing the monetary support which plaintiff could reasonably expect to receive from her decedent or to show that she suffered any monetary loss as the result of the death of plaintiff's decedent. This specification, under the circumstances here existent, is so closely allied with specification 12 that the two will be considered together.

Specification 10 complains of the introduction into evidence of a mortality table by the plaintiff without submitting to the jury cautionary instructions as to the use thereof. In the first place no mortality table was introduced into evidence. The record is as follows:

"Mr. Gates: Your Honor, at this time I would like to put in evidence the life expectancy of Ralph Culbertson. According to the American Experience Table, the life expectancy of a man 58 years old is 15.39 years.

"Mr. Haynie: We have no objections, your Honor, providing there is an instruction given in that regard.

"Mr. Benjamin: No objections."

There was no mortality table introduced in evidence. Counsel for plaintiff stated in the presence of the jury that he would like to put in evidence the life expectancy of the plaintiff's decedent and according to the American Experience Table that was 15.39 years. This statement was made without objection, and, under the law of Indiana, was before the jury to be considered by them for all purposes along with all of the other evidence introduced. It is true that counsel for the moving defendants said that they had no objections if there was an instruction given in that regard, but the Court made no comment whatsoever. This Court had no way of knowing what type of instruction counsel had in mind. He did not inform the Court, and if counsel desired to have the jury instructed by way of any limitation in the consideration of this evidence by

the jury, he tendered no instruction to the Court in that regard whatsoever.

■ It has always been the law in Indiana that life expectancy tables are admissible in evidence in actions such as the one at bar and while it is true that they are not taken as fixing the expectancy of the life of a particular person, or as forming a legal basis for a calculation, *they are accepted as furnishing some evidence, to be considered by the jury in connection with all other pertinent evidence, in ascertaining the probable duration of the life in question.* Smiser v. State ex rel. King, 1897, 17 Ind.App. 519, 47 N.E. 229; Pittsburgh, C., C. & St. L. R. Co. v. Rogers, 1909, 45 Ind.App. 230, 87 N.E. 28; Pittsburgh C., C. & St. L. R. Co. v. Brown, 1912, 178 Ind. 11, 97 N.E. 145, 98 N.E. 625.

The law in Indiana, and not the law in Illinois, is applicable herein, but even in Illinois, where the rule appears to be different than in Indiana, the Supreme Court in the case of Avance v. Thompson, 387 Ill. 77, 55 N.E.2d 57, on page 60, after stating that the defendant objected to the introduction of the mortality tables in evidence and commenting that some authorities hold that the defendant cannot complain in the absence of a request for instructions to define their use but that the failure of the court to explain their application by instructions would have a prejudicial effect, holds that they *"would not reverse because of this evidence, alone,* but since a new trial is necessary we are expressing our views for the benefit of the parties in case the tables should be again offered in evidence." (Our emphasis.)

■ We believe it to be the law of well regulated jury trial procedure, and we so hold, that where evidence is introduced without objection, and a party contends that the law places limitations on the consideration thereof by the jury, the *burden rests on the party claiming those limitations to tender a proper instruction to the court and by his failure* *to do so he forecloses himself from objecting thereto after verdict.*

■ Specification 11 reads as follows: "The defendants' requested instruction that damages awarded to plaintiff's decedent for personal injuries or *death* are not subject to Federal income tax was denied." (Our emphasis.)

That is not what the tendered instruction said. It was tendered by the moving defendants as defendants' instruction No. 2 and reads as follows:

"You are hereby instructed that no income tax could be assessed by the Federal Government upon an award granted by you, if any, for *personal injuries* and that nothing should be included in the jury's verdict for Federal taxation." (Our emphasis.)

It was refused by the Court because it was not applicable to the case at bar. The main action on the amended complaint is in damages for alleged wrongful death and not for personal injuries. It is true that the cross-action is for personal injuries alleged to have been sustained by the cross-complainant, Robert R. Haynes, and its only applicability would have been to the cross-action. *It was not applicable to the action on the amended complaint in any particular whatsoever,* and even if it be conceded that it is a correct statement of the law, a question which we do not now decide, the verdict of the jury was for the plaintiff on the amended complaint and assessed her damages not for personal injuries, *but for the wrongful death of her husband,* and if the Court had given the instruction it would have been of no benefit to the moving defendants because it would have had no application whatsoever to an award to the plaintiff for the wrongful *death* of her husband.

Specification 12 is that the verdict of the jury was excessive. As heretofore indicated, specification 9 will be considered in connection with the question

raised by specification 12, and again we must realize that the tort was committed in Indiana and the law of Indiana applies.

It is the law in Indiana that the law will imply substantial pecuniary loss in some amount to the widow and children by the death of the husband and father, especially where the decedent is gainfully employed at the time of his death. Louisville, N. A. & C. Ry. Co. v. Buck, 1889, 116 Ind. 566, 19 N.E. 453, 2 L.R.A. 520; Davis v. U. S. Nat. Bank, 1933, 98 Ind.App. 580, 186 N.E. 339. The same is true as to a widow because the legal presumption is that a wife is entitled to the benefit of the services and assistance of her husband, Korrady v. Lake Shore & M. S. Ry. Co., 1892, 131 Ind. 261, 29 N.E. 1069, and proof of the exact earnings in a wrongful death case is not absolutely necessary because evidence as to the value of services of the plaintiff's decedent as a farmer was not essential to the submission of this question to the jury as it was for the jury in the range of the discretion given them under the law and the evidence, and applying the results of their common observation and daily experience to estimate and determine the value of such services. The best method of ascertaining such values known to the law is to obtain the concensus of opinion of twelve jurors. That is the law in Indiana. Jackson v. Record, 1937, 211 Ind. 141, 5 N.E.2d 897; American Carloading Corp. v. Gary Trust & Savings Bank, 1940, 216 Ind. 649, 25 N.E.2d 777.

The uncontradicted evidence is that the plaintiff and her decedent were husband and wife and were living together as such on their 44 acre farm in Whitley County, Indiana, at the time of decedent's death; that the plaintiff's decedent was 58 years of age; a very good farmer; a very industrious man; very thrifty and frugal; intelligent and of very good character; a very good family man; a temperate man; a good provider for his family, and in good health at the time of his death; that the plaintiff was dependent upon plaintiff's decedent for support; that he was her sole means of support and since his death she has had to work or live with her children. Under that evidence the jury returned a verdict for the plaintiff in the sum of $15,000.

The law in Indiana is that the ultimate question of the amount rests within the province and sound discretion of the jury, and their finding will never be disturbed where the Court cannot say that improper motives have swayed them in ascertaining the amount returned.

If there ever was a case tried where there were no improper motives this is the one. The defendants are the parties who are responsible for the verdict in this case. Every party, including all of the defendants, told the jury that there should be a verdict for the plaintiff. Counsel for the moving defendants from his opening statement to his closing argument told the jury

"Now, like Mr. Benjamin, I want to preface all my remarks by saying we are not attaching one scintilla of blame to Mr. Culbertson. This unfortunate incident and his untimely death resulted from no negligence on his part. I want you to understand that from the very beginning. Anything that develops here is not to cast any negligence on the part of this decedent. I firmly believe that if he were here today, his evidence would be that he was not negligent."

"I said in the beginning it was a simple case. I mean, the issues are simple. Like Mr. Benjamin, we are not contesting that this poor widow is not entitled to a verdict in this case. I want that understood plainly."

They certainly can not say that the jury did not do just what they asked them to do. They asked the jury to return a verdict for the plaintiff and the jury complied with that request; but upon

submission to the Court of their motions, they contend that $15,000 is excessive and there should be a remittitur in the sum of $5,000. It is their contention that a verdict of $10,000 would have been proper under the evidence, which is a clear manifestation of the fallacy of their contention based on specification 9.

The theory upon which this case was tried by the defendants was not whether the plaintiff should recover, but simply how much and against whom the verdict should be. While it is true that the moving defendants contended that the verdict for the plaintiff should be against the defendant, Robert R. Haynes, and the defendant, Robert R. Haynes, contended that it should be against the defendants, George (N) Toms and Emery Transportation Company, all of the defendants were in complete and unrestrained agreement that the plaintiff was entitled to a verdict and they so informed the jury in clear and positive terms.

This is not a case where counsel for the plaintiff, over objection of the defendants, attempted to ignite a fire of prejudice against the defendants nor make an impassioned plea to the sympathy of the jurors. It is the first case tried before us within our memory where there was perfect unanimity of thought and action among all of the parties in that the plaintiff was entitled to a verdict.

The parties were given a fair and impartial trial. How they could have had a fairer trial, we are unable to conceive. The verdict of the jury is supported by more than substantial evidence; there were no errors of law occurring at the trial; the verdict is not contrary to law in any particular nor is it excessive, therefore, the motion of the defendants, George (N) Toms and Emery Transportation Company, for judgment notwithstanding the verdict and for a new trial must be overruled and denied, and

It is so ordered.